ORIGINAL

**FILED**

DEC 2 1 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

1   PATRICIA K. GILLETTE (STATE BAR NO. 74461)
    pgillette@orrick.com
2   AMIRA B. DAY (STATE BAR NO. 239045)
    aday@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
4   405 Howard Street
    San Francisco, CA 94105-2669
5   Telephone:    +1-415-773-5700
    Facsimile:    +1-415-773-5759
6
7   Attorneys for Defendant
    BANK OF AMERICA, NATIONAL ASSOCIATION
8
9                   UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
11
12  WILLIAM MARR,                           Case No.  09      5978
13              Plaintiff,                  NOTICE OF REMOVAL BY
                                            DEFENDANT BANK OF AMERICA,
14       v.                                 NATIONAL ASSOCIATION
15  BANK OF AMERICA, NATIONAL
    ASSOCIATION and DOES 1 through 100,
16  inclusive,
17              Defendant.
18
19
20
21
22
23
24
25
26
27
28

1    To the Clerk of Court, Plaintiff William Marr, and his attorneys of record:

2    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1441 *et seq.*, defendant

3    Bank of America, National Association ("Defendant") hereby removes this action from the

4    Superior Court of California for the County of San Francisco to the United States District Court

5    for the Northern District of California, based on the following facts:

6

7    ## I.    PROCEEDINGS TO DATE

8    1.    On August 20, 2009, a civil action was commenced in the Superior Court of

9    California for the County of San Francisco entitled "William Marr, Plaintiff, vs. Bank of America

10   National Association; and Does 1 through 100 inclusive, Defendants," No. CGC-09-491675 (the

11   "Action"). Plaintiff filed a first amended complaint on October 23, 2009 ("First Amended

12   Complaint"). A true and correct copy of the Summons, complaint, First Amended Complaint,

13   Civil Case Cover Sheet, and other papers issued with the First Amended Complaint are attached

14   to this notice as Exhibit A. The allegations of the First Amended Complaint in the Action are

15   incorporated by reference in this notice without necessarily admitting any of them.

16   2.    November 20, 2008 was the first date upon which Defendant was served

17   with a copy of the Summons and First Amended Complaint. Attached hereto as Exhibit B is a

18   true and correct copy of the Notice of Acknowledgment of Receipt-Civil that was signed by

19   Cindy M. Walker on November 20, 2009 and delivered to Plaintiff's counsel on the same date.

20   Therefore, this notice is timely as it is filed within thirty (30) days of the first receipt by a

21   defendant of a copy of the Summons and Complaint in this matter. 28 U.S.C. § 1446(b). Except

22   as described herein, Defendant has not been served with any pleadings in this Action.

23   4.    Defendants are informed and believe and on that basis allege that there have been

24   no other named defendants in this case and that no other defendant, whether named or not, has

25   been served with or otherwise received the First Amended Complaint in the Action.

26   5.    On December 21, 2009 Defendant filed its Answer to Plaintiff's First Amended

27   Complaint in the Superior Court of California County of San Francisco, a true and correct copy of

28   which is attached to this notice as Exhibit C.

1

2

## II. JURISDICTION/GROUNDS FOR REMOVAL

3      6.     Defendant removes the Action to this Court on the basis of federal question

4    jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1144(a).

5      A.     This Court has federal question jurisdiction over the Action based on the following

6    facts.

7           (i)     In his First Amended Complaint, Plaintiff claims deprivation of

8    Long Term Disability benefits. (First Amended Complaint ¶¶ 19, 20, 36, 44, 46, 53, 55, and 61.)

9    The Long Term Disability benefits on which Plaintiff's claim are based, are available to eligible

10   employees pursuant to Defendant's Long Term Disability Plan ("the Plan"). The Plan is an

11   employee welfare benefit plan subject to the provisions of ERISA, 29 U.S.C. Sections 1001, *et*

12   *seq*.

13          (ii)    This Action is subject to removal pursuant to 28 U.S.C. § 1441(b),

14   in that it arises under a federal law because it requires a court to interpret the provisions of an

15   employee benefit plan subject to ERISA and seeks to recover benefits allegedly due under the

16   Plan. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (holding that state law

17   claims that seek benefits available under an ERISA plan are recharacterized as ERISA claims, are

18   completely preempted under ERISA § 502(a), 29 U.S.C. § 1132(a), and are therefore removable

19   to federal court, 29 U.S.C. § 1132(f)). Thus, this Court has jurisdiction pursuant to 29 U.S.C. §

20   1144(a) and 28 U.S.C. § 1331. *Id. See also Emard v. Hughes Aircraft Co.*, 153 F.3d 949, 957

21   (9th Cir. 1998) (noting that where the existence or calculation of ERISA benefits are in dispute,

22   ERISA preempts state law claims); *In re: Marriage of Nasca v. Peoplesoft*, 1999 WL 64947

23   (N.D. Cal. 1999) (noting courts have found complete ERISA preemption where the quality,

24   nature or existence of ERISA benefits is at issue); *Farr v. U.S. West, Inc.*, 58 F.3d 1361, 1365-66

25   (9th Cir. 1995) (noting that ERISA preemption applies where the precise damages and benefits

26   plaintiff claims depend on employee benefit plan); *AT &T Communications, Inc. v. Superior*

27   *Court*, 21 Cal. App. 4th 1673, 1678, 1683 (1994) (ERISA preempts because rights of the parties

28   cannot be determined without examining plan); *see also General American Life Ins. Co. v.*

1   *Castonguay*, 984 F.2d 1518, 1521 (9th Cir. 1993) (key to preemption inquiry is "recognizing that

2   the statute comprehensively regulates certain relationships" such as employer and employee).

3            (iii)    Plaintiff alleges that he was deprived of and is entitled to Long

4   Term Disability benefits under the Plan. Because Plaintiff's allegations require the Court to

5   interpret the Plan to determine whether Plaintiff was entitled to Long Term Disability benefits as

6   Plaintiff claims and in the amount that Plaintiff claims, the claims are preempted by ERISA.

7   State law claims relating to employee benefit plans are preempted. *Geweke Ford v. St. Joseph's*

8   *Omni Pref. Care Inc.*, 130 F.3d 1355, 1358 (9th Cir. 1997) (state contract law that reaches a

9   relationship regulated by ERISA is preempted); *Sorosky v. Burroughs*, 826 F.2d 794, 800 (9th

10  Cir. 1987) (breach of contract claim preempted); *Davidian v. Southern California Meat Cutters*

11  *Union*, 859 F.2d 134, 135 (9th Cir. 1989) (fraud claim preempted); *Scott v. Gulf Oil Corp.*, 754

12  F.2d 1499, 1505 (9th Cir. 1985) (ERISA preempts fraud claim relating to loss of benefits and

13  contract claim alleging denial of benefits due); *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1356

14  (9th Cir. 1984) (fraud and breach of contract claims preempted); *Johnson v. District 2 Marine*

15  *Engineers Beneficial Ass'n*, 857 F.2d 514, 517-18 (9th Cir. 1988) (ERISA generally preempts

16  claims for intentional infliction of emotional distress); *see also, Stiltner v. Berretta, U.S.A. Corp.*,

17  1996 WL 42225 (4th Cir. 1996) (citing cases holding that ERISA preempts intentional infliction

18  claims).

19           (iv)    Thus, this is a civil action of which the district courts have original

20  jurisdiction on a claim arising under the laws of the United States which is removable without

21  regard to the citizenship or residence of the parties.

22           (v)    To the extent any claim survives ERISA pre-emption, such claim is

23  within this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367.

24      7.    Because this Action is currently pending before the Superior Court of California

25  for the County of San Francisco, this District is the proper venue for this Action upon removal.

26  *See* 28 U.S.C. § 1441(a).

27  ///

28  ///

8.     This Court therefore has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, 29 U.S.C. § 1144, and this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

Dated:  December 21, 2009

PATRICIA K. GILLETTE
AMIRA B. DAY
Orrick, Herrington & Sutcliffe LLP

_____

PATRICIA K. GILLETTE
AMIRA B. DAY
Attorneys for Defendant
BANK OF AMERICA, NATIONAL
ASSOCIATION

1

**PROOF OF SERVICE BY MAIL**

2      I am more than eighteen years old and not a party to this action.  My business

3   address is Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San

4   Francisco, California  94105-2669.  On December 21, 2009, I served the following document(s):

5      ➤ **CIVIL CASE COVER SHEET**

6      ➤ **NOTICE OF REMOVAL BY DEFENDANT BANK OF AMERICA, NATIONAL
          ASSOCIATION**

7

8      ➤ **DEFENDANT BANK OF AMERICA, NATIONAL ASSOCIATION'S
          CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

9   on the interested parties in this action by placing true and correct copies thereof in sealed

10   envelope(s) addressed as follows:

11      **David J. Becht, Esq.**
        **Michael Sachs, Esq.**
12      **Adams, Nye, Trapani, Becht LLP**
        **222 Kearny Street, 7th Floor**
13      **San Francisco, CA  94108-4521**

14      I am employed in the county from which the mailing occurred.  On the date

15   indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office

16   business address indicated above.  I am readily familiar with this firm's practice for the collection

17   and processing of correspondence for mailing with the United States Postal Service.  Under that

18   practice, the firm's correspondence would be deposited with the United States Postal Service on

19   this same date with postage thereon fully prepaid in the ordinary course of business.

20      I declare under penalty of perjury that the foregoing is true and correct.

21      Executed on December 21, 2009, at San Francisco, California.

22

23      _Erica A. Andrada_

24      Erica S. Andrada

25

26

27

28

 CT Corporation

**Service of Process Transmittal**
11/05/2009
CT Log Number 515678418
||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:** Andrew Bott
Bank of America
CA5-705-08-01, 555 California Street, 8th Floor
San Francisco, CA 94104

**RE:** **Process Served in California**

**FOR:** Bank of America, National Association (Domestic State: N/A)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | William Marr, Pltf. vs. Bank of America National Association, et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Cover Sheet, Complaint, Copy of Fist Amended Complaint,<br>Notice(s), Attachment(s), Stipulation Form, Statement Form, Self Addressed<br>Stamped Envelope, Notice and Acknowledgment of Receipt (2 sets) |
| **COURT/AGENCY:** | San Francisco County, Superior Court, CA<br>Case # CGC09491675 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to reimburse employee for business expense -<br>Unlawful Wage Deductions |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 11/05/2009 postmarked on 10/26/2009 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days from date of mailing dated 10/26/09 - Complete acknowledgment<br>form and return // Within 30 days after service - file an answer // 01/22/2010 at<br>9:00 a.m - Case management conference |
| **ATTORNEY(S) / SENDER(S):** | Michael Sachs<br>Adams Nye Trapani Becht LLP<br>222 Kearny Street<br>Seventh Floor<br>San Francisco, CA 94108-4521<br>415-982-8955 |
| **REMARKS:** | Service was made by mail under Section 415.30 of the California Code of Civil<br>Procedure. Enclosed is a Notice and Acknowledgment of Receipt of Summons and<br>Complaint for your consideration. Please be aware that C T Corporation does not<br>sign on behalf of your company. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 790193441557<br>Image SOP<br>Email Notification, Andrew Bott andrew.m.bott@bankofamerica.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

**LEGAL DEPARTMENT**
**RECEIVED**

**NOV 0 6 2009**

**SAN FRANCISCO.**
**BANK OF AMERICA, N.A.**

Page 1 of 1
Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents

# adams | nye | trapani | becht | LLP

ATTORNEYS AT LAW

E-Mail Address: msachs@adamsnye.com
mearle@adamsnye.com

October 26, 2009

C T Corporation System
Agent For Service of Process:
**Bank of America National Association**
818 West Seventh Street
Los Angeles, CA 90017

> Re: **William Marr v. Bank of America National Association**
> **Superior Court of the State of California**
> **In and For the County of San Francisco**
> **Case Number: CGC-09-491675**
> Our File Number: ROG-00177

Dear Sir or Madam:

Enclosed please find the following documents:

1. Summons, issued by the Court on August 20, 2009;

2. Civil Case Cover Sheet, endorsed-filed on August 20, 2009

3. Complaint For Damages, Injunctive Relief and Demand For Jury Trial, endorsed-filed on August 20, 2009;

4. First Amended Complaint For Damages, Injunctive Relief and Demand For Jury Trial, endorsed-filed on October 23, 2009;

5. Notice of Related Case, endorsed-filed on August 20, 2009;

6. Alternative Dispute Resolution (ADR) Program Information Package;

7. Stipulation to Alternative Dispute Resolution;

8. Superior Court of California – County of San Francisco – Judicial Mediation Program Information;

9. Notice To Plaintiff reflecting that a Case Management Conference is scheduled for **January 22, 2010**, at **9:00 a.m**., in **Department 212**, **Superior Court of California, County of San Francisco, 400 McAllister Street, San Francisco, CA 94102-3680**

10. Notice And Acknowledgment Of Receipt – Civil - with accompanying self-addressed, stamped envelope.

C T Corporation System
Re: William Marr v. Bank of America National Association
October 26, 2009
Page 2


Please do not hesitate to contact <u>Michael Sachs</u> – of this office – should you have any questions ((415) 982-8955) (msachs@adamsnye.com).

Thank you for your time and attention, regarding the above.

Very truly yours,

*Mary Kathryn Earle*
Mary Kathryn Earle
Secretary to:
Michael Sachs

MS/mke
Enclosures

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Bank of America National Association
does 1 through 100, in Chuvile

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

William Man

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso)* |

SUPERIOR COURT OF CALIFORNIA
400 McALLISTER STREET
SAME
SAN FRANCISCO, CA 94102

CGC - 09 - 491675

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DAVID J. BECHT, ESQ., S.B.N. 104208          (415) 982-8955  (415) 982-2042
MICHAEL SACHS, ESQ., S.B.N. 235048
ADAMS | NYE | TRAPANI | BECHT LLP
SAN FRANCISCO, CA 94108-4521

| DATE: | AUG 2 0 2009 | Clerk, by | GORDON PARK-LI CRISTINA BAUTISTA | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Bank of America National Association

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Legal Solutions

Code of Civil Procedure §§ 412 20, 465

#2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

MICHAEL SACHS, ESQ., S.B.N. 235048
DAVID J. BECHT, SBN 104208
ADAMS | NYE | TRAPANI | BECHT LLP
222 KEARNY STREET – SEVENTH FLOOR
SAN FRANCISCO, CA 94108-4521
  TELEPHONE NO.: (415) 982-0955   FAX NO.: (415) 982-2042
ATTORNEY FOR *(Name):* Plaintiff, WILLIAM MARR

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
  STREET ADDRESS: 400 MCALLISTER STREET
  MAILING ADDRESS: SAME
  CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
  BRANCH NAME:

ENDORSED
F I L E D
San Francisco County Superior Court

AUG 2 0 2009

GORDON PARK-LI, Clerk
BY: _____ CHRISTINA E. BAUTISTA
Deputy Clerk

| CASE NAME:   WILLIAM MARR v. BANK OF AMERICA NATIONAL ASSOCIATION, ET AL. |
|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited      [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter     [ ] Joinder  Filed with first appearance by defendant  *(Cal. Rules of Court, rule 3.402)* | CGC - 0 9 . 4 9 1 6 7 5  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | *(Cal. Rules of Court, rules 3.400–3.403)* |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Construction defect (10) |
| | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types. (41) |
| [ ] Other PI/PD/WD (23) | | |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Four
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 14, 2009
MICHAEL SACHS, ESQ., S.B.N. 235048
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Legal Solutions Ce Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET   CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice—
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
            *or wrongful eviction)*
    Contract/Warranty Breach—Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

DAVID J. BECHT, SBN 104208
MICHAEL SACHS, SBN 235048
MYTHILY SIVARAJAH, SBN 252494
ADAMS | NYE | TRAPANI | BECHT LLP
222 Kearny Street, Seventh Floor
San Francisco, California 94108-4521
Telephone: (415) 982-8955
Facsimile: (415) 982-2042

Attorneys for Plaintiff
WILLIAM MARR

ENDORSED
F I L E D
San Francisco County Superior Court

AUG 2 0 2009

GORDON PARK-LI, Clerk
BY: ___CHISTINA E. BAUTISTA
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

JAN 2 2 2010 -9:00 AM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
DEPARTMENT 212

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| WILLIAM MARR,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA NATIONAL ASSOCIATION; and DOES 1 through 100, inclusive,<br><br>    Defendants. | No. **CGC-09 491675**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL** |

## THE PARTIES

1.    At all relevant times herein mentioned, Plaintiff WILLIAM MARR ("Mr. MARR") was an individual residing in the State of California. The employment upon which he sues herein was performed in the State of California, including the County of San Francisco.

2.    At all relevant times herein mentioned, Defendant BANK OF AMERICA NATIONAL ASSOCIATION ("BANK OF AMERICA") was and is a corporation doing business in the State of California, including the County of San Francisco.

3.    Mr. MARR is ignorant of the true names and capacities, whether corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 100, inclusive and therefore sues these Defendants by such fictitious names. These fictitiously named Defendants intentionally, negligently,

1   or otherwise performed each of the acts and omissions alleged herein, and Mr. MARR's injuries and

2   damages were proximately and legally caused by such acts and omissions. Mr. MARR prays leave to

3   insert with appropriate allegations their true names and capacities when ascertained.

4       4.      Mr. MARR is informed and believes and thereon alleges that each Defendant named in

5   this action, including the Doe Defendants, at all relevant times were the agents, ostensible agents,

6   servants, employees, representatives, assistants and/or co-conspirators of each of the other Defendants

7   and were at all times acting at least in part within the course and scope of his, her, or its authority as

8   agents, ostensible agents, servants, employees, representatives and/or associates, with the

9   authorization, consent, permission or ratification of each of the other Defendants.

10                      **GENERAL AND BACKGROUND ALLEGATIONS**

11      5.      The acts and omissions of Defendants BANK OF AMERICA and Does 1-100 occurred

12  throughout the State of California, including in the County of San Francisco.

13      6.      Mr. MARR is employed by BANK OF AMERICA as an Account Executive ("AE").

14  Mr. MARR began work as an Account Executive in July 2001.

15      7.      In his capacity as an AE, Mr. MARR was and is required to drive to and from various

16  locations in his own car to meet with clients; prepare, print and purchase promotional materials;

17  purchase computer programs and other materials for use in his office; purchase meals, food, beverage

18  and other gifts for BANK OF AMERICA's clients and potential clients; make cellular phone calls;

19  make long distance phone calls; generally maintain an office inside his home for the conduct of

20  activities related to his job duties and responsibilities as Defendant BANK OF AMERICA's

21  employee.

22      8.      BANK OF AMERICA has made and continues to make several "adjustments" or

23  charges to Mr. MARR's compensation. BANK OF AMERICA charges Mr. MARR for the services

24  of an Account Executive Assistant ("AEA") who was also a BANK OF AMERICA employee. The

25  AEA's compensation is paid by Mr. MARR through these adjustments.

26      9.      When Mr. MARR finalizes a mortgage on behalf of BANK OF AMERICA, and there

27  are additional charges, closing costs, processing fees, extension fees and other costs and fees, and the

28  consumer does not wish to pay these charges, BANK OF AMERICA charges Mr. MARR.

1    10.    BANK OF AMERICA policy states that AE's should be given a cash bonus for every

2 referral. Mr. MARR has had over 40 referrals during his employment and has never been provided

3 with any bonus for these referrals.

4    11.    BANK OF AMERICA has the sole right to set the mortgage interest rate it offers to

5 customers. This rates differ based on which BANK OF AMERICA employee is offering the rate, the

6 customer that is requesting a mortgage and where the property to be covered by the mortgage is

7 located.

8    12.    If Mr. MARR needs to provide a lower rate than the mortgage interest rate set by

9 BANK OF AMERICA to guarantee that a consumer enters into the loan, BANK OF AMERICA

10 charges him the amount necessary to lower the interest rate to the amount the customer requests. This

11 charge is called an underage. When there is a problem in locking-in a rate for a consumer, Mr.

12 MARR is charged by BANK OF AMERICA for the difference between the lock-in rate and the actual

13 interest rate. Any problem in the loan structure results in Mr. MARR being charged by BANK OF

14 AMERICA. This charge is called a curtailment.

15    13.    BANK OF AMERICA has not acted in good faith in setting the mortgage interest rate

16 for AEs. The vast majority of mortgages sold by Mr. MARR in particular, and the AEs in general,

17 require the use of an underage. The use of this underage deprives Mr. MARR of commissions he

18 would have received but for BANK OF AMERICA's policy of initially inflating the mortgage interest

19 rate offered by AEs.

20    14.    While Mr. MARR has incurred and continues to incur tremendous expenses as a result

21 of his employment, BANK OF AMERICA refuses to reimburse him for these expenses.

22    **FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
     (Failure to Reimburse Employee for Business Expenses)
23    (California Labor Code §2802)

24    15.    Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 13

25 above.

26    16.    California Labor Code §2802 provides that employers shall reimburse employees for

27 all expenses incurred in the performance of their duties.

28

3

1    17.    BANK OF AMERICA required Mr. MARR to travel to various residences and

2    businesses throughout the State of California and other states, for purposes of selling mortgages.

3    18.    In the ordinary course of his employment and in the process of this travel, Mr. MARR

4    regularly incurred expenses, including but not limited to: millage; costs for promotional materials; the

5    salary of his assistant, a BANK OF AMERICA employee; cellular phone charges; enticements

6    provided to potential customers or actual customers to complete a sale; office expenses including the

7    purchase of computer software and office supplies; long distance phone charges, meal charges and

8    other business related expenses incurred in the course of his employment.

9    19.    BANK OF AMERICA intentionally and consistently failed to reimburse Mr. MARR

10   for expenses incurred in the performance of his duties, in violation of California Labor Code §2802.

11   20.    Mr. MARR is entitled to the full amount of expenses he incurred, plus interest, and

12   reasonable attorneys' fees and costs of suit as proscribed by California Labor Code §2802.

13   WHEREFORE, Mr. MARR requests relief as hereinafter provided.

14   **SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
     (Unlawful Wage Deductions)
15   (Violation of California Labor Code §221)

16   21.    Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 22

17   above.

18   22.    California Labor Code §221 provides that an employer may not "collect or receive

19   from an employee any part of wages paid by said employer to said employee."

20   23.    DEFENDANTS intentionally and consistently charged Mr. MARR for expenses

21   incurred in the performance of his duties including, but not limited to, the salary of his assistant a

22   BANK OF AMERICA EMPLOYEE; closing costs; loan processing fees; extension fees; underage

23   charges (deductions for mortgages under the prevailing rate); uncollected/waived fee charges;

24   misquote and rate lock failure charges; and curtailment charges, in violation of California Labor Code

25   §221.

26   ///

27   ///

28   ///

4

1      24.    Mr. MARR is entitled to recover the full amount of deducted wages, plus interest, and

2 reasonable attorneys' fees and costs of suit as proscribed by California Labor Code §218.5.

3      WHEREFORE, Mr. MARR requests relief as hereinafter provided.

4      **THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS**
     (Breach of the Covenant of Good Faith and Fair Dealing)

5

6      25.    Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 26

7 above.

8      26.    Mr. MARR's contract with BANK OF AMERICA as embodied, *inter alia*, in the

9 Retail Sales Compensation Plan, contained an implied-in-law covenant of good faith and fair dealing

10 that neither party would do anything to injure the right of the other party to enjoy the actual benefits of

11 that contract.

12      27.    Mr. MARR's contract with BANK OF AMERICA provided for Mr. MARR to receive

13 commissions based upon the mortgage rate set exclusively by BANK OF AMERICA in its unfettered

14 discretion. When mortgages were sold at a rate lower than that set by BANK OF AMERICA, with

15 express approval of BANK OF AMERICA, Mr. MARR received a lower commission than for a

16 mortgage sold at or above the rate set by BANK OF AMERICA.

17      28.    BANK OF AMERICA had an obligation to set the mortgage rate in good faith.

18      29.    BANK OF AMERICA did not exercise its discretion in good faith, but instead set the

19 mortgage rate an elevated level in order to deprive Mr. MARR of commissions based upon mortgages

20. he sold.

21      30.    Mr. MARR has performed all the covenants, conditions and obligations that were

22 under his control as part of the contract.

23      31.    As a direct and proximate result of DEFENDANTS' breach of the covenant of good

24 faith and fair dealing, Mr. MARR has suffered damages.

25      WHEREFORE, Mr. MARR requests relief as hereinafter provided.

26 / / /

27 / / /

28 / / /

1

2

**FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Violation of Business and Professions Code §17200, *et seq.*)

3     32.    Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 33

4   above.

5     33.    BANK OF AMERICA is a "person" as that term is defined under California Business

6   and Professions Code §17201.

7     34.    California Business and Professions Code §17200 defines unfair competition as any

8   unlawful, unfair, or fraudulent business act or practice.

9     35.    At all times relevant hereto, by and through the conduct described herein, BANK OF

10   AMERICA has engaged in unfair and unlawful practices by requiring Mr. MARR adhere to a contract

11   of adhesion; failing to reimburse Mr. MARR for business expenses incurred while in BANK OF

12   AMERICA's employ, in violation of California Labor Code §2802; making unlawful deductions from

13   Mr. MARR's wages in violation of California Labor Code §221; and failing to act in good faith, all in

14   violation of California Business and Professions Code §17200 et seq., which has thereby deprived Mr.

15   MARR of money and property.

16     36.    By and through the unfair and unlawful business practices described herein, BANK OF

17   AMERICA has obtained valuable property, money, and services from Mr. MARR and has deprived

18   him of valuable rights and benefits guaranteed by law, all to his detriment.

19     37.    All the acts described herein as violation of, among other things, California Labor

20   Code §§221 and 2802, contract of adhesion law and the covenant of good faith and fair dealing, are

21   unlawful and in violation of public policy; and in additional are immoral, unethical, oppressive and

22   unscrupulous, and thereby constitute unfair and unlawful business practices in violation of California

23   Business and Professions Code §17200 et seq.

24     38.    Mr. MARR is entitled to, and does, seek such relief as may be necessary to restore to

25   him the money and property which BANK OF AMERICA has acquired, or of which Mr. MARR has

26   been deprived, by means of the above described unfair and unlawful business practices.

27     39.    Mr. MARR is further entitled to, and does, seek a declaration that the above described

28   business practices are unfair and unlawful and that an injunctive relief should be issued restraining

1  BANK OF AMERICA from engaging in any of the above described unfair and unlawful business
2  practices in the future.

3      40.    Mr. MARR is further entitled to, and does, seek an award of attorneys' fees, costs and
4  expenses incurred in the investigation, filing and prosecution of this action pursuant to California
5  Code of Civil Procedure §1021.5, California Business and Professions Code §17200, et seq., Labor
6  Code §§218.5 and 2802, and any other applicable provision of law.

7      41.    Mr. MARR has no plain, speedy, and/or adequate remedy at law to redress the injuries
8  which he has suffered as a consequence of the unfair and unlawful business practices of BANK OF
9  AMERICA. As a result of the unfair and unlawful business practices described above, Mr. MARR
10  suffered and will continue to suffer irreparable harm unless BANK OF AMERICA is restrained from
11  continuing to engage in these unfair and unlawful business practices. In addition, BANK OF
12  AMERICA should be required to disgorge the unpaid moneys to Mr. MARR.

13      WHEREFORE, Mr. MARR requests relief as hereinafter provided.

14  **JURY DEMAND**

15      Mr. MARR demands a jury to all issues joined herein.

16  **PRAYER FOR RELIEF**

17      WHEREFORE, Mr. MARR requests relief as follows:

18      1.    For general damages according to proof;

19      2.    For special damages according to proof;

20      3.    For costs of suit;

21      4.    For reasonable attorneys fees (For the First, Second and Fourth Causes of Action);

22      5.    For interest at the maximum legal rate on all sums awarded;

23      6.    For an order preliminarily and permanently enjoining BANK OF AMERICA from
24  engaging in the practices challenged herein (as to the Fourth Cause of Action);

25  ///
26  ///
27  ///
28  ///

7

7.     For an order for full restitution of all monies, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by BANK OF AMERICA by means of the unfair practices complained of herein (as to the Fourth Cause of Action); and

8.     For such other relief as the Court deems just and proper.

DATED: August 14, 2009          ADAMS | NYE | TRAPANI | BECHT LLP

By:           _____

              DAVID J. BECHT
              MICHAEL SACHS
              MYTHILY SIVARAJAH
              Attorneys for Plaintiff
              WILLIAM MARR

#4

1  DAVID J. BECHT, SBN 104208
   MICHAEL SACHS, SBN 235048
2  MYTHILY SIVARAJAH, SBN 252494
   ADAMS | NYE | TRAPANI | BECHT  LLP
3  222 Kearny Street, Seventh Floor
   San Francisco, California 94108-4521
4  Telephone: (415) 982-8955
   Facsimile: (415) 982-2042
5
   Attorneys for Plaintiff
6  WILLIAM MARR



ENDORSED
FILED
Superior Court of California
County of San Francisco

OCT 2 3 2009

GORDON PARK-LI, Clerk
BY: ROSSALY DE LA VEGA-NAVARRO
Deputy Clerk

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN FRANCISCO

10

11  WILLIAM MARR,                          No. CGC 09 491675

12              Plaintiff,                  FIRST AMENDED COMPLAINT FOR
                                           DAMAGES, INJUNCTIVE RELIEF
13         vs.                             AND DEMAND FOR JURY TRIAL

14  BANK OF AMERICA NATIONAL
    ASSOCIATION; and DOES 1 through 100,
15  inclusive,

16              Defendants.                

17

18                              THE PARTIES

19         1.    At all relevant times herein mentioned, Plaintiff WILLIAM MARR ("Mr. MARR")

20  was an individual residing in the State of California. The employment upon which he sues herein was

21  performed in the State of California, including the County of San Francisco.

22         2.    At all relevant times herein mentioned, Defendant BANK OF AMERICA NATIONAL

23  ASSOCIATION ("BANK OF AMERICA") was and is a corporation doing business in the State of

24  California, including the County of San Francisco.

25         3.    Mr. MARR is ignorant of the true names and capacities, whether corporate, associate,

26  or otherwise, of the Defendants sued herein as Does 1 through 100, inclusive and therefore sues these

27  Defendants by such fictitious names. These fictitiously named Defendants intentionally, negligently,

28  or otherwise performed each of the acts and omissions alleged herein, and Mr. MARR's injuries and

1
FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

1  DAVID J. BECHT, SBN 104208
   MICHAEL SACHS, SBN 235048
2  MYTHILY SIVARAJAH, SBN 252494
   ADAMS | NYE | TRAPANI | BECHT LLP
3  222 Kearny Street, Seventh Floor
   San Francisco, California 94108-4521
4  Telephone: (415) 982-8955
   Facsimile: (415) 982-2042
5
   Attorneys for Plaintiff
6  WILLIAM MARR

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  WILLIAM MARR,                          No. CGC 09 491675

12              Plaintiff,                  **FIRST AMENDED COMPLAINT FOR
                                           DAMAGES, INJUNCTIVE RELIEF**
13      vs.                                 **AND DEMAND FOR JURY TRIAL**

14  BANK OF AMERICA NATIONAL
    ASSOCIATION; and DOES 1 through 100,
15  inclusive,

16              Defendants.

17

18                          **THE PARTIES**

19      1.     At all relevant times herein mentioned, Plaintiff WILLIAM MARR ("Mr. MARR")

20  was an individual residing in the State of California. The employment upon which he sues herein was

21  performed in the State of California, including the County of San Francisco.

22      2.     At all relevant times herein mentioned, Defendant BANK OF AMERICA NATIONAL

23  ASSOCIATION ("BANK OF AMERICA") was and is a corporation doing business in the State of

24  California, including the County of San Francisco.

25      3.     Mr. MARR is ignorant of the true names and capacities, whether corporate, associate,

26  or otherwise, of the Defendants sued herein as Does 1 through 100, inclusive and therefore sues these

27  Defendants by such fictitious names. These fictitiously named Defendants intentionally, negligently,

28  or otherwise performed each of the acts and omissions alleged herein, and Mr. MARR's injuries and

                                              1

1  damages were proximately and legally caused by such acts and omissions. Mr. MARR prays leave to
2  insert with appropriate allegations their true names and capacities when ascertained.

3      4.    Mr. MARR is informed and believes and thereon alleges that each Defendant named in
4  this action, including the Doe Defendants, at all relevant times were the agents, ostensible agents,
5  servants, employees, representatives, assistants and/or co-conspirators of each of the other Defendants
6  and were at all times acting at least in part within the course and scope of his, her, or its authority as
7  agents, ostensible agents, servants, employees, representatives and/or associates, with the
8  authorization, consent, permission or ratification of each of the other Defendants.

9  **GENERAL AND BACKGROUND ALLEGATIONS**

10      5.    The acts and omissions of Defendants BANK OF AMERICA and Does 1-100 occurred
11  throughout the State of California, including in the County of San Francisco.

12      6.    Mr. MARR is employed by BANK OF AMERICA as an Account Executive ("AE").
13  Mr. MARR began work as an Account Executive in July 2001.

14      7.    In his capacity as an AE, Mr. MARR was and is required to drive to and from various
15  locations in his own car to meet with clients; prepare, print and purchase promotional materials;
16  purchase computer programs and other materials for use in his office; purchase meals, food, beverage
17  and other gifts for BANK OF AMERICA's clients and potential clients; make cellular phone calls;
18  make long distance phone calls; generally maintain an office inside his home for the conduct of
19  activities related to his job duties and responsibilities as Defendant BANK OF AMERICA's
20  employee.

21      8.    BANK OF AMERICA has made and continues to make several "adjustments" or
22  charges to Mr. MARR's compensation. BANK OF AMERICA charges Mr. MARR for the services
23  of an Account Executive Assistant ("AEA") who was also a BANK OF AMERICA employee. The
24  AEA's compensation is paid by Mr. MARR through these adjustments.

25      9.    When Mr. MARR finalizes a mortgage on behalf of BANK OF AMERICA, and there
26  are additional charges, closing costs, processing fees, extension fees and other costs and fees, and the
27  consumer does not wish to pay these charges, BANK OF AMERICA charges Mr. MARR.

28  / / /

10.     BANK OF AMERICA policy states that AE's should be given a cash bonus for every referral. Mr. MARR has had over 40 referrals during his employment and has never been provided with any bonus for these referrals.

11.     BANK OF AMERICA has the sole right to set the mortgage interest rate it offers to customers. This rates differ based on which BANK OF AMERICA employee is offering the rate, the customer that is requesting a mortgage and where the property to be covered by the mortgage is located.

12.     If Mr. MARR needs to provide a lower rate than the mortgage interest rate set by BANK OF AMERICA to guarantee that a consumer enters into the loan, BANK OF AMERICA charges him the amount necessary to lower the interest rate to the amount the customer requests. This charge is called an underage. When there is a problem in locking-in a rate for a consumer, Mr. MARR is charged by BANK OF AMERICA for the difference between the lock-in rate and the actual interest rate. Any problem in the loan structure results in Mr. MARR being charged by BANK OF AMERICA. This charge is called a curtailment.

13.     BANK OF AMERICA has not acted in good faith in setting the mortgage interest rate for AEs. The vast majority of mortgages sold by Mr. MARR in particular, and the AEs in general, require the use of an underage. The use of this underage deprives Mr. MARR of commissions he would have received but for BANK OF AMERICA's policy of initially inflating the mortgage interest rate offered by AEs.

14.     BANK OF AMERICA represented to Mr. MARR that as part of his employment he was entitled to, and would, receive deals from banking centers.

15.     BANK OF AMERICA has refused to provide Mr. MARR with deals from banking centers and told him that if he is ever contacted by a banking center he is not allowed to accept any deals.

16.     While Mr. MARR has incurred and continues to incur tremendous expenses as a result of his employment, BANK OF AMERICA refuses to reimburse him for these expenses.

17.     During his employment with BANK OF AMERICA, Mr. MARR became disabled.

/ / /

3

18. Under his contract with BANK OF AMERICA, Mr. MARR became eligible for long term disability payments on January 23, 2009.

19. BANK OF AMERICA's policy states that Mr. MARR should receive long term disability payments in an amount of 60-percent of his "ABBR." Under BANK of AMERICA policy, ABBR is calculated based upon an AE's total compensation in 2007.

20. BANK OF AMERICA has refused to provide Mr. MARR the long term disability payments he is entitled under their agreement, instead paying him at a lower rate.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Failure to Reimburse Employee for Business Expenses)
### (California Labor Code §2802)

21. Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 20 above.

22. California Labor Code §2802 provides that employers shall reimburse employees for all expenses incurred in the performance of their duties.

23. BANK OF AMERICA required Mr. MARR to travel to various residences and businesses throughout the State of California and other states, for purposes of selling mortgages.

24. In the ordinary course of his employment and in the process of this travel, Mr. MARR regularly incurred expenses, including but not limited to: millage; costs for promotional materials; the salary of his assistant, a BANK OF AMERICA employee; cellular phone charges; enticements provided to potential customers or actual customers to complete a sale; office expenses including the purchase of computer software and office supplies; long distance phone charges; meal charges and other business related expenses incurred in the course of his employment.

25. BANK OF AMERICA intentionally and consistently failed to reimburse Mr. MARR for expenses incurred in the performance of his duties, in violation of California Labor Code §2802.

26. Mr. MARR is entitled to the full amount of expenses he incurred, plus interest, and reasonable attorneys' fees and costs of suit as proscribed by California Labor Code §2802.

WHEREFORE, Mr. MARR requests relief as hereinafter provided.

/ / /

/ / /

4

1

**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Unlawful Wage Deductions)
(Violation of California Labor Code §221)

2

3    27.    Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 26

4  above.

5    28.    California Labor Code §221 provides that an employer may not "collect or receive

6  from an employee any part of wages paid by said employer to said employee."

7    29.    DEFENDANTS intentionally and consistently charged Mr. MARR for expenses

8  incurred in the performance of his duties including, but not limited to, the salary of his assistant a

9  BANK OF AMERICA EMPLOYEE; closing costs; loan processing fees; extension fees; underage

10  charges (deductions for mortgages under the prevailing rate); uncollected/waived fee charges;

11  misquote and rate lock failure charges; and curtailment charges, in violation of California Labor Code

12  §221.

13    30.    Mr. MARR is entitled to recover the full amount of deducted wages, plus interest, and

14  reasonable attorneys' fees and costs of suit as proscribed by California Labor Code §218.5.

15    WHEREFORE, Mr. MARR requests relief as hereinafter provided.

16

**THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Failure to Pay Wages)
(Violation of California Labor Code §200, et seq.)

17

18    31.    Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 30

19  above.

20    32.    Pursuant to Labor Code §200, wages include all amounts for labor performed by

21  employees of every description and includes all employee benefits and incentives.

22    33.    Pursuant to Labor Code §204 all wages earned by any person in any employment are

23  due and payable twice during each calendar month.

24    34.    Mr. MARR worked for BANK OF AMERICA continuously from July 2001 through

25  the present.

26    35.    Beginning on January 23, 2009, Mr. MARR became eligible for long term disability

27  payments, a form of wages under Labor Code §§200 and 204.

28  ///

5

1    36.    Since January 23, 2009 and continuing through the date of this complaint, BANK OF

2    AMERICA has intentionally, willfully and repeatedly refused and failed to pay Mr. MARR the full

3    amount of disability payments he is entitled to under their agreement.

4    37.    Mr. MARR's agreement with BANK OF AMERICA entitles him to a cash bonus for

5    each referral he has. Such bonuses are a form of wages under Labor Code §§200 and 204.

6    38.    Mr. MARR has had over 40 referrals during his employment with BANK OF

7    AMERICA.

8    39.    BANK OF AMERICA has intentionally, willfully and repeatedly refused and failed to

9    pay Mr. MARR the bonuses he is entitled to under their agreement.

10    40.    Pursuant to California Labor Code §§ 215 and 216, a willful failure to pay wages and

11    compensation that is due and owing is a misdemeanor. BANK OF AMERICA has the ability to pay

12    Mr. MARR the compensation that is due and owing. By wrongfully failing to pay Mr. MARR his

13    wages, BANK OF AMERICA has violated California Labor Code §§ 215 and 216 and has committed

14    a misdemeanor.

15    41.    As a proximate result of DEFENDANTS' violation of California Labor Code §§204,

16    215 and 216, Mr. MARR has suffered, and continues to suffer, damages in an amount according to

17    proof.

18    42.    Mr. MARR is entitled to recover the full amount of unpaid wages, plus interest, and

19    reasonable attorneys' fees and costs of suit pursuant to California Labor Code §§218.5 and 2699, due

20    to BANK OF AMERICA's failure to pay his wages in full.

21    WHEREFORE, Mr. MARR request relief as hereinafter provided.

22    **FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
                                    (Breach of Contract)
23

24    43.    Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 42

25    above.

26    44.    Mr. MARR's contract with BANK OF AMERICA as embodied, *inter alia*, in the

27    Associate Handbook 2005, and the September 28, 2009 modification to the Associate Handbook

28    ///

6

1   2005, contained an agreement that if Mr. MARR were entitled to long term disability payments in

2   2009, these payments would be calculated at 60% of all compensation due to him in 2007.

3       45.     Mr. MARR has performed all the covenants, conditions and obligations that were

4   under his control as part of the contract.

5       46.     BANK OF AMERICA has refused to pay Mr. MARR the disability payments in the

6   amount to which he is entitled under their agreement. Instead, BANK OF AMERICA has paid Mr.

7   MARR at a lower rate.

8       47.     As a legal result of BANK OF AMERICA's breach of contract, Mr. MARR has

9   suffered damages and will suffer damages in the future in an amount according to proof.

10      WHEREFORE, Mr. MARR requests relief as hereinafter provided.

11  **FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
    (Breach of the Covenant of Good Faith and Fair Dealing)

12

13      48.     Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 47

14  above.

15      49.     Mr. MARR's contract with BANK OF AMERICA as embodied, *inter alia*, in the

16  Retail Sales Compensation Plan, Associate Handbook 2005, the September 28, 2009 modification to

17  the Associate Handbook 2005 and further oral agreements contained an implied-in-law covenant of

18  good faith and fair dealing that neither party would do anything to injure the right of the other party to

19  enjoy the actual benefits of that contract.

20      50.     Mr. MARR's contract with BANK OF AMERICA provided for Mr. MARR to receive

21  commissions based upon the mortgage rate set exclusively by BANK OF AMERICA in its unfettered

22  discretion. When mortgages were sold at a rate lower than that set by BANK OF AMERICA, with

23  express approval of BANK OF AMERICA, Mr. MARR received a lower commission than for a

24  mortgage sold at or above the rate set by BANK OF AMERICA.

25      51.     BANK OF AMERICA had an obligation to set the mortgage rate in good faith.

26      52.     BANK OF AMERICA did not exercise its discretion in good faith, but instead set the

27  mortgage rate an elevated level in order to deprive Mr. MARR of commissions based upon mortgages

28  he sold.

7

53. Mr. MARR's contract with BANK OF AMERICA provided for Mr. MARR to receive long term disability payments in an amount of 60% of his total compensation in 2007.

54. BANK OF AMERICA had an obligation to calculate this total compensation in good faith and to take good faith steps to ensure that Mr. MARR was compensated in accordance with this agreement.

55. BANK OF AMERICA did not act in good faith, but instead calculated Mr. MARR's compensation at a lower rate, provided this number to its insurance company and refused, despite requests from Mr. MARR, to amend this amount to accurately reflect the compensation he earned in 2007.

56. Mr. MARR's contract with BANK OF AMERICA provided that he is eligible to, and will receive, referrals from banking centers.

57. BANK OF AMERICA had an obligation to refer deals from banking centers to Mr. MARR in good faith and to not restrict his ability to close such referrals.

58. BANK OF AMERICA did not act in good faith, but instead prevented Mr. MARR from receiving referrals from banking centers and prevented him from closing any referrals he did receive from banking centers

59. Mr. MARR has performed all the covenants, conditions and obligations that were under his control as part of the contract.

60. As a direct and proximate result of BANK OF AMERICA's breach of the covenant of good faith and fair dealing, Mr. MARR has suffered damages.

WHEREFORE, Mr. MARR requests relief as hereinafter provided.

## SIX CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Violation of Business and Professions Code §17200, *et seq.*)

61. Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 60 above.

62. BANK OF AMERICA is a "person" as that term is defined under California Business and Professions Code §17201.

///

1      63.    California Business and Professions Code §17200 defines unfair competition as any

2    unlawful, unfair, or fraudulent business act or practice.

3      64.    At all times relevant hereto, by and through the conduct described herein, BANK OF

4    AMERICA has engaged in unfair and unlawful practices by requiring Mr. MARR adhere to a contract

5    of adhesion; failing to reimburse Mr. MARR for business expenses incurred while in BANK OF

6    AMERICA's employ, in violation of California Labor Code §2802; making unlawful deductions from

7    Mr. MARR's wages in violation of California Labor Code §§215, 216 and 221; failing to pay Mr.

8    MARR the wages he was owed in violation of California Labor Code §204; failing to act in good

9    faith; and breaching its contract with Mr. MARR, all in violation of California Business and

10    Professions Code §17200 et seq., which has thereby deprived Mr. MARR of money and property.

11      65.    By and through the unfair and unlawful business practices described herein, BANK OF

12    AMERICA has obtained valuable property, money, and services from Mr. MARR and has deprived

13    him of valuable rights and benefits guaranteed by law, all to his detriment.

14      66.    All the acts described herein as violation of, among other things, California Labor

15    Code §§204, 215, 216, 221 and 2802, contract of adhesion law, breach of contract law, and the

16    covenant of good faith and fair dealing, are unlawful and in violation of public policy; and in

17    additional are immoral, unethical, oppressive and unscrupulous, and thereby constitute unfair and

18    unlawful business practices in violation of California Business and Professions Code §17200 et seq.

19    BANK OF AMERICA's violation of California Labor Code §215 and 216 constitute a misdemeanor.

20      67.    Mr. MARR is entitled to, and does, seek such relief as may be necessary to restore to

21    him the money and property which BANK OF AMERICA has acquired, or of which Mr. MARR has

22    been deprived, by means of the above described unfair and unlawful business practices.

23      68.    Mr. MARR is further entitled to, and does, seek a declaration that the above described

24    business practices are unfair and unlawful and that an injunctive relief should be issued restraining

25    BANK OF AMERICA from engaging in any of the above described unfair and unlawful business

26    practices in the future.

27      69.    Mr. MARR is further entitled to, and does, seek an award of attorneys' fees, costs and

28    expenses incurred in the investigation, filing and prosecution of this action pursuant to California

9

FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL.

1  Code of Civil Procedure §1021.5, California Business and Professions Code §17200, et seq., Labor

2  Code §§218.5 and 2802, and any other applicable provision of law.

3       70.    Mr. MARR has no plain, speedy, and/or adequate remedy at law to redress the injuries

4  which he has suffered as a consequence of the unfair and unlawful business practices of BANK OF

5  AMERICA. As a result of the unfair and unlawful business practices described above, Mr. MARR

6  suffered and will continue to suffer irreparable harm unless BANK OF AMERICA is restrained from

7  continuing to engage in these unfair and unlawful business practices. In addition, BANK OF

8  AMERICA should be required to disgorge the unpaid moneys to Mr. MARR.

9       WHEREFORE, Mr. MARR requests relief as hereinafter provided.

10                          **JURY DEMAND**

11      Mr. MARR demands a jury to all issues joined herein.

12                        **PRAYER FOR RELIEF**

13      WHEREFORE, Mr. MARR requests relief as follows:

14      1.    For general damages according to proof;

15      2.    For special damages according to proof;

16      3.    For costs of suit;

17      4.    For reasonable attorneys fees (For the First, Second, Third and Sixth Causes of

18  Action);

19      5.    For interest at the maximum legal rate on all sums awarded;

20      6.    For an order preliminarily and permanently enjoining BANK OF AMERICA from

21  engaging in the practices challenged herein (as to the Sixth Cause of Action);

22  / / /

23  / / /

24  / / /

25

26

27

28

                                    10

1      7.     For an order for full restitution of all monies, as necessary and according to proof, to

2 restore any and all monies withheld, acquired, and/or converted by BANK OF AMERICA by means

3 of the unfair practices complained of herein (as to the Sixth Cause of Action); and

4      8.     For such other relief as the Court deems just and proper.

6  DATED: October 22, 2009          ADAMS | NYE | TRAPANI | BECHT LLP

By:

DAVID J. BECHT
MICHAEL SACHS
MYTHILY SIVARAJAH
Attorneys for Plaintiff
WILLIAM MARR

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>DAVID J. BECHT, ESQ., S.B.N. 104208<br>MICHAEL SACHS, ESQ., S.B.N. 235048<br>ADAMS \| NYE \| TRAPANT \| BECHT LLP<br>222 KEARNY STREET - SEVENTH FLOOR<br>SAN FRANCISCO, CA 94108-4521<br>TELEPHONE NO.: (415) 982-8955    FAX NO. *(Optional)*: (415) 982-2042<br>E-MAIL ADDRESS *(Optional)*: dbecht@adamsnye.com - msachs@adamsnye.<br>ATTORNEY FOR *(Name)*: Plaintiff, WILLIAM MARR | FOR COURT USE ONLY<br><br>ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br><br>AUG 2 0 2009<br><br>GORDON PARK-LI, Clerk<br>BY: CHRISTINA E. BALLISTA<br>Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McALLISTER STREET
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME:

| PLAINTIFF/PETITIONER: WILLIAM MARR | CASE NUMBER: CGC-09-491675 |
|---|---|
| DEFENDANT/RESPONDENT: BANK OF AMERICA NATIONAL ASSOCIATION | JUDICIAL OFFICER: |
| **NOTICE OF RELATED CASE** | DEPT.: |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Contreras et al v. BANK OF AMERICA NATIONAL ASSOCIATION, et al
   b. Case number: CGC-07-467749
   c. Court:  [X] same as above
       [  ] other state or federal court *(name and address):*

   d. Department: 210
   e. Case type:  [  ] limited civil   [X] unlimited civil   [  ] probate   [  ] family law   [  ] other *(specify):*

   f. Filing date: October 1, 2007
   g. Has this case been designated or determined as "complex?"   [  ] Yes   [X] No

   h. Relationship of this case to the case referenced above *(check all that apply):*
       [  ] involves the same parties and is based on the same or similar claims.
       [X] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
       [  ] involves claims against, title to, possession of, or damages to the same property.
       [  ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

       [  ] Additional explanation is attached in attachment 1h

   i. Status of case:
       [X] pending
       [  ] dismissed   [  ] with   [  ] without prejudice
       [  ] disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court:  [  ] same as above
       [  ] other state or federal court *(name and address):*

   d. Department:

| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rule 3.300 |
|---|---|---|---|

CM-015

| PLAINTIFF/PETITIONER:  WILLIAM MARR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  BANK OF AMERICA NATIONAL ASSOCIATION | |

2. *(continued)*

  e. Case type:  ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other *(specify)*:

  f. Filing date:

  g. Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

  h. Relationship of this case to the case referenced above *(check all that apply)*:

   ☐ involves the same parties and is based on the same or similar claims.
   ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
   ☐ involves claims against, title to, possession of, or damages to the same property.
   ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
    ☐ Additional explanation is attached in attachment 2h

  i. Status of case:
   ☐ pending
   ☐ dismissed   ☐ with   ☐ without prejudice
   ☐ disposed of by judgment

3. a. Title:

  b. Case number:

  c. Court:  ☐ same as above
   ☐ other state or federal court *(name and address)*:

  d. Department:

  e. Case type:  ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other *(specify)*:

  f. Filing date:

  g. Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

  h. Relationship of this case to the case referenced above *(check all that apply)*:

   ☐ involves the same parties and is based on the same or similar claims.
   ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
   ☐ involves claims against, title to, possession of, or damages to the same property.
   ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
    ☐ Additional explanation is attached in attachment 3h

  i. Status of case:
   ☐ pending
   ☐ dismissed   ☐ with   ☐ without prejudice
   ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: August 14, 2009

Michael Sachs, SBN 235048
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015

| PLAINTIFF/PETITIONER: WILLIAM MARR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BANK OF AMERICA NATIONAL ASSOCIATION | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
## NOTICE OF RELATED CASE

*(NOTE: You cannot serve the* Notice of Related Case *if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served.

   Street address:
   City:
   State and zip code:

   c. Name of person served:

   Street address:
   City:
   State and zip code:

   b. Name of person served:

   Street address:
   City:
   State and zip code:

   d. Name of person served:

   Street address:
   City:
   State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

## What is BASF's Mediation Service?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable.

Mediation Services was established by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This traditional mediation service is an approved alternative to court ordered Arbitration or Early Settlement.

## How Does it Work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; experienced BASF staff can suggest a mediator, or you can request three biographies to choose from, or request a particular mediator from our Web site.

## How Much Does the Service Cost?

Mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond those three hours vary depending on the mediator selected. BASF charges a small administrative fee, which pays for the costs of running the program.

## Who Can Use the Service?

The service can be utilized by anyone whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco County litigants.

## Who Are the Mediators?

Experienced mediation professionals are available to assist in most areas of dispute, ranging from multi-party commercial matters to individuals in conflict. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators average 15 years of mediation experience and 125 hours of formal mediation training.

## More Information

Our Web site - www.sfbar.org/mediation - provides photographs, short biographies and hourly rates of our mediators. You can search by name or by area of law.

If you don't see the area you need in our 30+ panels, just contact us at adr@sfbar.org; it is very likely we can match your need with one of our panelists.

**WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600**

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

# There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 3.221(c))



**Superior Court of California**
**County of San Francisco**

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## Cost

Generally, the cost of Private Mediation ranges from $100 per hour to $800 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $250 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA 94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐   **Private Mediation**      ☐    **Mediation Services of BASF**    ☐    **Judicial Mediation**
☐   **Binding arbitration**                                                        Judge _____
☐   **Non-binding judicial arbitration**                                   Judge _____
☐   **BASF Early Settlement Program**
☐   **Other ADR process (describe)** _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

 

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant | | Dated: _____ |
| _____ | _____ | _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant | | Dated: _____ |
| _____ | _____ | _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant | | Dated: _____ |

☐  *Additional signature(s) attached*





# Superior Court of California
## County of San Francisco



**HON. JAMES J. McBRIDE**
**PRESIDING JUDGE**

## Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR PROGRAM ADMINISTRATOR**

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Gail Dekreon
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Curtis Karnow
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable Lillian Sing
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated but specific request are not guaranteed. Please allow at least 30 days for scheduling. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

08/2009 (ja)

CASE NUMBER: CGC-09-   1675 WILLIAM MARR VS. BANK    AMERICA NATIONAL ASSO

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

     **DATE:**    **JAN-22-2010**

     **TIME:**    **9:00AM**

     **PLACE:**   **Department 212**
              **400 McAllister Street**
              **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |

TELEPHONE NO.:                    FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|

**(Check one):** ☐ **UNLIMITED CASE**   ☐ **LIMITED CASE**
(Amount demanded      (Amount demanded is $25,000
exceeds $25,000)       or less)

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:              Time:           Dept.:        Div.:        Room:

Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    (Describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

CM-110

| | CASE NUMBER: |
|---|---|
| E *I* TIONER: | |
| :PONDENT: | |

or parties are willing to participate in *(check all that apply):*
Mediation
Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
Binding judicial arbitration
Binding private arbitration
Neutral case evaluation
Other *(specify):*

`his matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed .he statutory limit.
Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**ient conference**

he party or parties are willing to participate in an early settlement conference *(specify when):*

**ance**
Insurance carrier, if any, for party filing this statement *(name):*

Reservation of rights: ☐ Yes ☐ No

☐ Coverage issues will significantly affect resolution of this case *(explain):*

**urisdiction**
ndicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:
   ☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate     will be filed by *(name party):*

**15. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNE　＇＇and address)　FOR COURT USE ONLY
DAVID J. BECHT, ESC
MICHAEL SACHS, ESC
ADAMS | NYE | TRA｝
222 KEARNY STREET
SAN FRANCISCO, C/
TELEPHONE NO　(41
E-MAIL ADDRESS (Optional)　dbʿ
ATTORNEY FOR (Name)　P1

**SUPERIOR COURT OF**
STREET ADDRESS　4
MAILING ADDRESS　ʃ
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITION'

DEFENDANT/RES'

N'

CASE NUMBER
491675

TO (insert nam

[ATION

The sum
Procedu
(or the
on you

ction 415.30 of the California Code of Civil
ite of mailing shown below may subject you
ʏ expenses incurred in serving a summons

If you
form
entit
sur
ac'

(including a partnership), or other entity, this
to receive service of process on behalf of such
ion authorized by you to acknowledge receipt of
d complete on the day you sign the

D

IGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

ECEIPT

iling):

Injunctive Relief and Demand for Jury; Civil Case Cover
nt Conference; Alternative Dispute Resolution (ADR)
Dispute Resolution form; Superior Court of California -
aformation

▶

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND Aᴄ.**

**GMENT OF RECEIPT — CIVIL**

Legal
Solutions
&Plus

Code of Civil Procedure,
§§ 415.30, 417.10

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DAVID J. BECHT, ESQ., S.B.N. 104208<br>MICHAEL SACHS, ESQ., S.B.N. 235048<br>ADAMS \| NYE \| TRAPANI \| BECHT LLP<br>222 KEARNY STREET - SEVENTH FLOOR<br>SAN FRANCISCO, CA 94108-4521<br>TELEPHONE NO.: (415) 982-8955 FAX NO. *(Optional):* (415) 982-2042<br>E-MAIL ADDRESS *(Optional):* dbecht@adamsnye.com - msachs@adamsnye.c<br>ATTORNEY FOR *(Name):* Plaintiff, WILLIAM MARR | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO<br>STREET ADDRESS: 400 McALLISTER STREET<br>MAILING ADDRESS: SAME<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: WILLIAM MARR<br><br><br>DEFENDANT/RESPONDENT: BANK OF AMERICA NATIONAL ASSOCIATION | |

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER<br>491675 |
|---|---|

TO *(insert name of party being served):* BANK OF AMERICA NATIONAL ASSOCIATION

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 26, 2009

MICHAEL SACHS, ESQ., S.B.N. 235048
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other: *(specify):* First Amended Complaint For Damages, Injunctive Relief and Demand for Jury; Civil Case Cover Sheet; Notice of Related Case; Notice of Case Management Conference; Alternative Dispute Resolution (ADR) Program Information Package; Stipulation to Alternative Dispute Resolution form; Superior Court of California - County of San Francisco - Judicial Mediation Program information

*(To be completed by recipient):*
Date this form is signed:

▶

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal<br>Solutions<br>Ⓔ Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|---|

## Day, Amira

| From: | Walker, Cindy M - Legal [cindy.m.walker@bankofamerica.com] |
|---|---|
| Sent: | Friday, November 20, 2009 4:58 PM |
| To: | dbecht@adamsnye.com; msachs@adamsnye.com |
| Cc: | Day, Amira |
| Subject: | Marr v. BANA - acknowledgement |

**Attachments:** Acknowledgment.pdf

Attached please find the signed Acknowledgment. Thanks. Cindy

Cindy Walker
Assistant General Counsel
Bank of America
30870 Russell Ranch Road
Mail Code: CA6-915-01-17
Westlake Village, CA 91362
818-223-6377 Office
818-223-3901 Fax
cindy.m.walker@bankofamerica.com

**Confidentiality Notice.** This transmittal is a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error and that any review, dissemination, distribution, or copying of this transmittal is strictly prohibited. If you have received this communication in error, please contact the sender immediately and immediately delete this message and all its attachments, if any.

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DAVID J. BECHT, ESQ., S.B.N. 104208<br>MICHAEL SACHS, ESQ., S.B.N. 235048<br>ADAMS \| NYE \| TRAPANI \| BECHT LLP<br>222 KEARNY STREET - SEVENTH FLOOR<br>SAN FRANCISCO, CA 94108-4521<br>    TELEPHONE NO: (415) 982-8955   FAX NO. *(Optional):* (415) 982-2042<br>E-MAIL ADDRESS *(Optional):* dbecht@adamsnye.com - msachs@adamsnye.c<br>  ATTORNEY FOR *(Name):* Plaintiff, WILLIAM MARR | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO | |
|---|---|
| STREET ADDRESS: 400 MCALLISTER STREET | |
| MAILING ADDRESS: SAME | |
| CITY AND ZIP CODE: SAN FRANCISCO, CA 94102 | |
| BRANCH NAME: | |

| PLAINTIFF/PETITIONER: WILLIAM MARR | |
|---|---|
| DEFENDANT/RESPONDENT: BANK OF AMERICA NATIONAL ASSOCIATION | |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>491675 |
|---|---|

TO *(insert name of party being served):* BANK OF AMERICA NATIONAL ASSOCIATION

---

NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 26, 2009

MICHAEL SACHS, ESQ., S.B.N. 235048
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* First Amended Complaint For Damages, Injunctive Relief and Demand for Jury; Civil Case Cover Sheet; Notice of Related Case; Notice of Case Management Conference; Alternative Dispute Resolution (ADR) Program Information Package; Stipulation to Alternative Dispute Resolution form; Superior Court of California - County of San Francisco - Judicial Mediation Program information

*(To be completed by recipient):*
Date this form is signed:

Cindy Walker

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Legal
Solutions
℞ Plus

Code of Civil Procedure,
§§ 415.30, 417.10

COPY

1    PATRICIA K. GILLETTE (STATE BAR NO. 74461)
     pgillette@orrick.com
2    AMIRA B. DAY (STATE BAR NO. 239045)
     aday@orrick.com
3    ORRICK, HERRINGTON & SUTCLIFFE LLP
     The Orrick Building
4    405 Howard Street
     San Francisco, CA 94105-2669
5    Telephone:    +1-415-773-5700
     Facsimile:    +1-415-773-5759
6
     Attorneys for Defendant
7    BANK OF AMERICA, NATIONAL ASSOCIATION

8

9

10

11

12

13

14

15

16

17

ENDORSED
F I L E D
San Francisco County Superior Court

DEC 2 1 2009

GORDON PARK-LI, Clerk
BY:    RONNIE OTERO
                     Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

WILLIAM MARR,

                   Plaintiff,

        v.

BANK OF AMERICA, NATIONAL
ASSOCIATION and DOES 1 through 100,
inclusive,

                   Defendant.

CASE NO.  CGC 09 491675

**ANSWER TO FIRST AMENDED
COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF AND
DEMAND FOR JURY TRIAL**

18         Defendant Bank of America, National Association ("Defendant"), responds to the

19    unverified First Amended Complaint filed by Plaintiff William Marr ("Plaintiff") on or about

20    October 23, 2009 (the "Complaint") as follows:

21         (1)    Pursuant to California Code of Civil Procedure Section 431.30(d) Defendant

22    denies each and every allegation set forth in Plaintiff's Complaint.

23         (2)    Defendant further denies, generally and specifically, that Plaintiff is entitled to any

24    of the relief requested; that Defendant is guilty of any wrongful conduct or omission, whether

25    alleged or otherwise; and that conduct or omissions of Defendant caused any injury or damage to

26    Plaintiff in the amount alleged, to be alleged, or otherwise.

27

28

OHS West:260790655.2

1

## AFFIRMATIVE DEFENSES

2 Without admitting any facts alleged by Plaintiff, Defendant also pleads the following

3 separate and affirmative defenses to the Complaint:

4

## FIRST DEFENSE

5 1. As a separate defense to the Complaint and each cause of action therein,

6 Defendant alleges that Plaintiff has failed to state facts sufficient to constitute a cause of action.

7

## SECOND DEFENSE

8 2. As a separate defense to the Complaint and each cause of action therein,

9 Defendant alleges that Plaintiff failed to take reasonable steps to avoid harm.

10

## THIRD DEFENSE

11 3. As a separate defense to the Complaint and each cause of action therein, Plaintiff's

12 claims are barred by any applicable statutes of limitation, including but not limited to California

13 Code of Civil Procedure sections 337, 338, 339, 340, and 343 California Business and

14 Professions Code section 17208 and 29 U.S.C. section 1113.

15

## FOURTH DEFENSE

16 4. As a separate defense to the Complaint and each cause of action therein, Plaintiff

17 is precluded from recovering any amounts from Defendant because Defendant has paid Plaintiff

18 all sums legally due.

19

## FIFTH DEFENSE

20 5. As a separate defense to the Complaint and each cause of action therein, Plaintiff's

21 recovery in this action is barred by Plaintiff's failure to exercise reasonable care and diligence to

22 mitigate his alleged damages. Alternatively, Defendant alleges that any recovery by Plaintiff

23 should be reduced by those damages that Plaintiff failed to mitigate.

24

## SIXTH DEFENSE

25 6. As a separate defense to the Complaint and each cause of action therein, Plaintiff

26 has compromised and/or released some or all of claims asserted in this lawsuit and, accordingly,

27 such claims are barred by the doctrines of compromise, settlement, and/or release.

28 ///

OHS West:260790655.2                                    - 2 -

1 **SEVENTH DEFENSE**

2     7.     As a separate defense to the Complaint and each cause of action therein,

3 Defendant alleges that any claim by Plaintiff based on any alleged oral contract may be barred by

4 the Statute of Frauds set forth in section 1624 of the California Civil Code.

5 **EIGHTH DEFENSE**

6     8.     As a separate defense to the Complaint and each cause of action therein,

7 Defendant alleges that any act(s) and/or omissions(s) which may be found to be in violation of the

8 rights afforded by applicable law were not willful but occurred in good faith with reasonable

9 grounds for believing that Defendant was in full compliance with applicable law.

10 **NINTH DEFENSE**

11     9.     As a separate defense to the Complaint and each cause of action therein, Plaintiff

12 has failed to comply with California Labor Code sections 2854, 2856, 2858 and 2859, to the

13 extent that Plaintiff failed to use ordinary care and diligence in the performance of Plaintiff's

14 duties, failed to substantially comply with Defendant's reasonable directions, and failed to

15 exercise a reasonable degree of skill in performing Plaintiff's job duties.

16 **TENTH DEFENSE**

17     10.     As a separate defense to the Complaint and each cause of action therein, Plaintiff's

18 claims are barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel, and/or

19 waiver.

20 **ELEVENTH DEFENSE**

21     11.     As a separate defense to the Complaint and each cause of action therein, Any

22 recovery by Plaintiff is barred or must be reduced as a result of Plaintiff's comparative fault.

23 **TWELFTH DEFENSE**

24     12.     As a separate defense to the Complaint and each cause of action therein, Plaintiff

25 consented to the alleged acts and/or conduct, if any.

26 **THIRTEENTH DEFENSE**

27     13.     As a separate defense to the Complaint and each cause of action therein,

28 Defendant alleges that the Complaint fails to state a claim for which relief may be granted that

OHS West:260790655.2     - 3 -

1    provides for compensatory, consequential or liquidated damages, or any other damages, costs,

2    fees, injunctive or other equitable relief, allowed by applicable law.

3    **FOURTEENTH DEFENSE**

4    14.    As a separate defense to the Complaint and to each claim therein, Defendant

5    alleges that California Business and Professions Code Section 17200 is unconstitutionally vague

6    as applied here in violation of Defendant's rights of due process and equal protection under the

7    United States Constitution and the California Constitution.

8    **FIFTEENTH DEFENSE**

9    15.    As a separate defense to the Complaint and to each claim therein, Plaintiff's claims

10    are barred in whole or in part because Defendant had an honest, good-faith belief that all

11    decisions with respect to Plaintiff's employment were made solely for legitimate, business-related

12    reasons and were reasonably based upon the facts as Defendant understood them.

13    **SIXTEENTH DEFENSE**

14    16.    As a separate defense to the Complaint and to each claim therein, Defendant

15    alleges that some or all of Plaintiff's claims are barred by the doctrine of res judicata and/or

16    collateral estoppel.

17    **SEVENTEENTH AFFIRMATIVE DEFENSE**

18    17.    As a separate defense to the Complaint and to each claim therein, Defendant

19    alleges that the claims for equitable and/or declaratory relief asserted by Plaintiff are barred

20    because Plaintiff has an adequate remedy at law for his claims.

21    **EIGHTEENTH AFFIRMATIVE DEFENSE**

22    18.    As a separate defense to the Complaint and to each claim therein, to the extent any

23    damages were sustained by Plaintiff, which is expressly denied, Defendant alleges that such

24    damages were proximately, wholly or in part caused by Plaintiff's own negligence, comparative

25    fault, actions, inactions, or delay in acting.

26    **NINETEENTH AFFIRMATIVE DEFENSE**

27    19.    As a separate defense to the Complaint and to each claim therein, Plaintiff

28    consented to and/or ratified some or all of the actions now complained of.

OHS West:260790655.2        - 4 -

| | |
|---|---|
| 1 | **TWENTIETH AFFIRMATIVE DEFENSE** |
| 2 | 20. As a separate defense to the Complaint and to each claim therein, no conduct or |
| 3 | omission by Defendant was the cause in fact or proximate cause of any injury allegedly suffered |
| 4 | by Plaintiff. |
| 5 | **TWENTY-FIRST AFFIRMATIVE DEFENSE** |
| 6 | 21. As a separate defense to the Complaint, Plaintiff's claims are subject to good faith |
| 7 | disputes over wages. |
| 8 | **TWENTY-SECOND AFFIRMATIVE DEFENSE** |
| 9 | 22. As a separate defense to the Complaint and to each claim therein, Plaintiff's claims |
| 10 | are barred by payment, setoff and/or accord and satisfaction. |
| 11 | **TWENTY-THIRD AFFIRMATIVE DEFENSE** |
| 12 | 23. As a separate defense to the Complaint and to each claim therein, Plaintiff engaged |
| 13 | in willful misconduct which precludes maintenance of this action and was a proximate cause of |
| 14 | the claimed damages, if any damages were sustained. |
| 15 | **TWENTY-FOURTH AFFIRMATIVE DEFENSE** |
| 16 | 24. As a separate defense to the Complaint and Plaintiff's Sixth Cause of Action, some |
| 17 | or all of Plaintiff's claim(s) under California Business and Professions Code section 17200 may |
| 18 | be barred by the absolute barrier defense. |
| 19 | **TWENTY-FIFTH AFFIRMATIVE DEFENSE** |
| 20 | 25. As a separate defense to the Complaint and to each claim therein, Plaintiff's claims |
| 21 | are barred because any recovery from Morgan Stanley would result in unjust enrichment. |
| 22 | **TWENTY-SIXTH AFFIRMATIVE DEFENSE** |
| 23 | 26. As a separate defense to the Complaint, Plaintiff lacks standing to bring some or |
| 24 | all of his claims. |
| 25 | **TWENTY-SEVENTH AFFIRMATIVE DEFENSE** |
| 26 | 27. As a separate defense to the Complaint and Plaintiff's Sixth cause of action, |
| 27 | Plaintiff lacks an independently actionable claim on which to base a claim under California |
| 28 | Business & Professions Code Section 17200, *et seq*. |

OHS West:260790655.2                                    - 5 -

1    **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

2    28.    As a separate defense to the Complaint, Defendant has not committed any act

3    which is "unlawful," "unfair," "deceptive," or "fraudulent" within the meaning of California

4    Business & Professions Code Section 17200, *et seq.*

5    **TWENTY-NINTH AFFIRMATIVE DEFENSE**

6    29.    As a separate defense to the Complaint and each cause of action therein, Plaintiff

7    failed, in whole or in part, and continues to fail, in whole or in part, to take reasonable steps to

8    mitigate his damages.

9    **THIRTIETH AFFIRMATIVE DEFENSE**

10    30.    As a separate defense to the Complaint and each cause of action therein, any and

11    all acts, occurrences and damages alleged or referred to in the Complaint were proximately

12    caused by the bad faith of Plaintiff in that Plaintiff failed to deal fairly, honestly and reasonably

13    with Defendant; therefore, the comparative bad faith of Plaintiff reduces his right to recover, if

14    any, by the amount which his bad faith contributed to the damages alleged.

15    **THIRTY-FIRST AFFIRMATIVE DEFENSE**

16    31.    As a separate defense to the Complaint, Plaintiff fails to state a claim for relief

17    under California Labor Code section 2699, *et seq.*

18    **THIRTY-SECOND DEFENSE**

19    32.    As a separate defense to the Complaint, Plaintiff has failed to state facts sufficient

20    to constitute a claim for special damages.

21    **THIRTY-THIRD DEFENSE**

22    33.    As a separate defense to the Complaint, Plaintiff may have failed to exhaust his

23    administrative remedies under applicable law and/or failed to comply with all prerequisites to

24    bringing some of all of his claims.

25    **THIRTY-FOURTH DEFENSE**

26    34.    As a separate defense to the Complaint and each cause of action therein, to the

27    extent Plaintiff alleges that Defendant has an obligation to which full performance has not been

28    rendered or excused, the obligation is illusory, void and unenforceable, and/or there has been a

OHS West:260790655.2                                    - 6 -

1 | failure of consideration.

2 | ### THIRTY-FIFTH DEFENSE

3 | 35. As a separate defense to the Complaint and each cause of action therein,

4 | Defendant alleges that to the extent Plaintiff alleges that Defendant has an obligation to which full

5 | performance has not been rendered or excused, not all conditions to said obligations occurred.

6 | ### THIRTY-SIXTH DEFENSE

7 | 36. As a separate defense to the Complaint and each cause of action therein,

8 | Defendant alleges that Plaintiff by his own acts and omissions, breach of duty, failure to perform,

9 | and by his own breaches of the implied covenant of good faith and fair dealing, may have

10 | breached the contract(s) Plaintiff alleges to have existed and therefore is not entitled to any relief

11 | under the alleged contract(s).

12 | ### THIRTY-SEVENTH DEFENSE

13 | 37. As a separate defense to the Complaint and each cause of action therein,

14 | Defendant alleges that one or more of Plaintiff's claims is pre-empted by the Employee

15 | Retirement Income Security Act of 1974 ("ERISA").

16 | ### RESERVATION OF RIGHTS

17 | Defendant presently has insufficient knowledge of information on which to form a belief

18 | as to whether it may have additional as yet unstated affirmative defenses available. Defendant

19 | reserves herein the right to assert additional defenses in the event that discovery indicates that

20 | they would be appropriate.

21 | ///

22 | ///

23 | /// .

24 |

25 |

26 |

27 |

28 |

OHS West:260790655.2 - 7 -

ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

1       WHEREFORE Defendants pray:

2              1.    That Plaintiff's Complaint be dismissed with prejudice in its entirety and

3    Plaintiff take nothing thereby;

4              2.    That Judgment be entered in favor of Defendant on all claims and against

5    Plaintiff;

6              3.    That Defendant be awarded attorneys' fees under applicable law and its

7    costs of suit; and

8              4.    That Defendant be granted such other and further relief as this Court may

9    deem appropriate.

10   Dated: December 2l, 2009                PATRICIA K. GILLETTE
                                            AMIRA B. DAY
11                                          Orrick, Herrington & Sutcliffe LLP

12

13

14                                          PATRICIA K. GILLETTE
                                            AMIRA B. DAY
15                                          Attorneys for Defendant
                                            BANK OF AMERICA, NATIONAL
16                                          ASSOCIATION

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260790655.2                    - 8 -

ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

1                       **PROOF OF SERVICE BY MAIL**

2            I am more than eighteen years old and not a party to this action. My place of

3 employment is Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San

4 Francisco, California 94105-2669. On December 21, 2009, I served the foregoing document(s):

5       ➤  **ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE
         RELIEF AND DEMAND FOR JURY TRIAL**

6

on the interested parties in this action by placing true and correct copies thereof in sealed

7 envelope(s) addressed as follows:

8                   **David J. Becht, Esq.**

9                   **Michael Sachs, Esq.**
                  **Mythily Sivarajah, Esq.**

10                   **Adams| Nye| Trapani| Becht LLP**
                  **222 Kearny Street, Seventh Floor**

11                   **San Francisco, CA 94108-4521**

12            I am employed in the county from which the mailing occurred. On the date

13 indicated above, I placed the sealed envelope(s) for collection and mailing at this corporation's

14 business address indicated above. I am readily familiar with this business location's practice for

15 the collection and processing of correspondence for mailing with the United States Postal Service.

16 Under that practice, the corporation's correspondence would be deposited with the United States

17 Postal Service on this same date with postage thereon fully prepaid in the ordinary course of

18 business.

19            I declare under penalty of perjury that the foregoing is true and correct.

20            Executed on December 21, 2009, at San Francisco, California.

21

22

23                                     Amira B. Day

24

25

26

27

28
  OHS West:260699399.2                   - 1 -