DAVID J. BECHT, SBN 104208
dbecht@adamsnyeemployment.com
MICHAEL SACHS, SBN 235048
msachs@adamnsnyeemployment.com
MYTHILY SIVARAJAH, SBN 252494
msivarajah@adamsnyeemployment.com
ADAMS | NYE | TRAPANI | BECHT  LLP
222 Kearny Street, Seventh Floor
San Francisco, California 94108-4521
Telephone: (415) 982-8955
Facsimile:  (415) 982-2042

Attorneys for Plaintiff
WILLIAM MARR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WILLIAM MARR, | No. C 09-05978 WHA |
|---|---|
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| vs. | |
| BANK OF AMERICA NATIONAL ASSOCIATION; and DOES 1 through 100, inclusive, | Hearing Date: June 10, 2010<br>Time: 8:00 a.m. |
| Defendants. | |

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

PLEASE TAKE NOTICE that on June 10, 2010 at 8:00 a.m., or as soon thereafter as the matter can be heard, in the courtroom of the Honorable William Alsup, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff William Marr ("Mr. MARR") will, and hereby does, move for an order granting Plaintiff leave to file its Second Amended Complaint and ordering that the Second Amended Complaint submitted with this motion be deemed filed.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Plaintiff's Second Amended Complaint, Declaration of Mythily Sivarajah in Support of Motion for Leave to File Second Amended Complaint and the [Proposed] Order filed herewith, on all of the files and records of this action, and on any additional material that may be elicited at the

hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Through this motion, Plaintiff seeks leave to file its Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a) and this Court's April 1, 2010 Civil Pretrial Minutes or, alternatively, Rule 16(b). Plaintiff's Second Amended Complaint, attached hereto as Exhibit A, adds two causes of action for Fraud and Negligent Misrepresentation and additional facts supporting those two causes of action which are related to claims originally asserted by Plaintiff. Since Plaintiff's Second Amended Complaint does not cause any prejudice to Defendant and was duly filed within the time limits set forth by the Court in its Civil Pretrial Minutes, it should be granted.

### II. STATEMENT OF FACTS

Plaintiff filed this lawsuit on August 20, 2009 in state court in the County of San Francisco, alleging causes of action for: 1) Failure to Reimburse Business Expenses; 2) Unlawful Wage Deductions; 3) Breach of the Covenant of Good Faith and Fair Dealing; and 4) Violation of Business and Professions Code §17200, et seq. Subsequently, filed his Amended Complaint October 23, 2009 in the same state court, alleging causes of action for: 1) Failure to Reimburse Business Expenses; 2) Unlawful Wage Deductions; 3) Failure to Pay Wages; 4) Breach of Contract; 5) Breach of the Covenant of Good Faith and Fair Dealing; and 6) Violation of Business and Professions Code §17200, et seq.

Defendant Bank of America National Association ("BANK OF AMERICA") answered on December 21, 2009, generally denying all of Plaintiff's claims and putting forth thirty-seven affirmative defenses and removed the case to federal court. The first Case Management Conference before this Court occurred on April 1, 2010 and the Court provided the parties until April 30, 2010 to add parties and amend complaint. The Civil Pretrial Minutes, filed on April 1, 2010, indicates the deadline for adding parties and amending complaint as April 30, 2010. On April 2, 2010, the Court issued a Case Management Order setting forth April 20, 2010 as the last date for parties to seek leave to amend the pleadings or add new parties.

Since filing the First Amended Complaint, Plaintiff has discovered additional information

necessitating the filing of this Second Amended Complaint. When Plaintiff's counsel sought Defendant to stipulate to the amendment, Defendant refused to consent to stipulate to the amendment. Therefore, Plaintiff seeks an order permitting Plaintiff to file the proposed Second Amended Complaint.

## III. ARGUMENT

### A. Leave to File Should Be Granted Freely

Pursuant to Rule 15(a), leave to amend a complaint is freely given when justice so requires. Leave to amend pleadings is generally granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). This liberal granting of leave to amend a complaint "reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules." The primary factors used to determine whether to grant leave to file amended pleadings are bad faith, undue delay, prejudice to the opposing party and futility of amendment. *Ibid*. Moreover, delay by itself is not sufficient to deny a motion to amend a complaint. *DCD Programs*, 833 F.2d at 187.

None of the factors exist in the instant case. There is no bad faith on Plaintiff's part or futility to the amendment as Plaintiff seeks to add two causes of action based on misrepresentation of facts. As to prejudice to Defendant, the amendments do not change the general nature of the lawsuit and Defendant can still pursue discovery on these additional causes of action as discovery cut off is not until December 31, 2010. Thus, Defendant is not unduly prejudiced by an order granting leave to the amended complaint. Based on the court's averments in open court and the "Civil Pretrial Minutes", the deadline to add parties and amend complaint was listed as "4/30/10". Therefore Plaintiff's Second Amended Complaint is timely as it is being filed on April 30, 2010.

### B. Good Cause Exists To Grant Leave to File

Alternatively, if Rule 15(A) does not govern the requirements for granting this motion to file an amended complaint, pursuant to Rule 16(b), "good cause" also exists to modify the scheduling order to permit the filing of the amended complaint. Any modification to the scheduling order must be based on a showing of "good cause." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the

diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff seeks to add two causes of action related to misrepresentation of facts as they relate to the setting of mortgage rates and the portion that is charged against Plaintiff. Plaintiff learned that the portion charged to Plaintiff was different than what was alleged as a result of speaking to other account executives who informed him that they were not charged any amounts when lower mortgage interest rates were requested by their customers. While Plaintiff understood that these amounts were being charged to him whenever he requested a lower mortgage interest rate to compete in the market, he did not know that others performing his job, account executives, were not similarly charged. Since Plaintiff has learned of these facts, he now seeks to add the two respective causes of actions regarding fraud and negligent misrepresentation. The amendment adding the fraud cause of action also entitles Plaintiff to punitive damages.

Additionally, if the trial court determines that refusal to allow a modification of the pretrial order could result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than a slight inconvenience to the court, modification is appropriate. *United States v. First Nat. Bank of Circle*, 652 F.2d 882 (9th Cir.1981). The requested amendments will not pose any substantial prejudice to Defendant as discussed above and since parties have just commenced discovery. The modification to the case management order will only result in changing the date by which parties are allowed to add new parties or amend pleadings from April 20, 2010 to April 30, 2010 or a date that the court deems appropriate. On the other hand, denying the modification to the order and denying Plaintiff's amendments would result in injustice to Plaintiff's relief and claims.

## IV. CONCLUSION

Since the Second Amended Complaint was filed in good faith, contains claims similar to those originally asserted and does not prejudice Defendant, none of the factors on which courts base denial of motions for leave to amend are present. For the reasons discussed above, Plaintiff respectfully seeks leave of this Court to file the proposed Second Amended Complaint.

///

///

1

2  DATED: April 30, 2010                    ADAMS | NYE | TRAPANI | BECHT  LLP

3

4                                            By:    /s/_____
                                                    DAVID J. BECHT
5                                                   MICHAEL SACHS
                                                    MYTHILY SIVARAJAH
6                                             Attorneys for Plaintiff
                                              WILLIAM MARR

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

DAVID J. BECHT, SBN 104208
dbecht@adamsnyeemployment.com
MICHAEL SACHS, SBN 235048
msachs@adamnsnyeemployment.com
MYTHILY SIVARAJAH, SBN 252494
msivarajah@adamsnyeemployment.com
ADAMS | NYE | TRAPANI | BECHT LLP
222 Kearny Street, Seventh Floor
San Francisco, California 94108-4521
Telephone: (415) 982-8955
Facsimile: (415) 982-2042

Attorneys for Plaintiff
WILLIAM MARR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WILLIAM MARR, | No. C 09-05978 WHA |
|---|---|
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL** |
| vs. | |
| BANK OF AMERICA NATIONAL ASSOCIATION; and DOES 1 through 100, inclusive, | |
| Defendants. | |

**THE PARTIES**

1. At all relevant times herein mentioned, Plaintiff WILLIAM MARR ("Mr. MARR") was an individual residing in the State of California. The employment upon which he sues herein was performed in the State of California, including the County of San Francisco.

2. At all relevant times herein mentioned, Defendant BANK OF AMERICA NATIONAL ASSOCIATION ("BANK OF AMERICA") was and is a corporation doing business in the State of California, including the County of San Francisco.

3. Mr. MARR is ignorant of the true names and capacities, whether corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 100, inclusive and therefore sues these Defendants by such fictitious names. These fictitiously named Defendants intentionally, negligently,

or otherwise performed each of the acts and omissions alleged herein, and Mr. MARR's injuries and damages were proximately and legally caused by such acts and omissions. Mr. MARR prays leave to insert with appropriate allegations their true names and capacities when ascertained.

4. Mr. MARR is informed and believes and thereon alleges that each Defendant named in this action, including the Doe Defendants, at all relevant times were the agents, ostensible agents, servants, employees, representatives, assistants and/or co-conspirators of each of the other Defendants and were at all times acting at least in part within the course and scope of his, her, or its authority as agents, ostensible agents, servants, employees, representatives and/or associates, with the authorization, consent, permission or ratification of each of the other Defendants.

## GENERAL AND BACKGROUND ALLEGATIONS

5. The acts and omissions of Defendants BANK OF AMERICA and Does 1-100 occurred throughout the State of California, including in the County of San Francisco.

6. Mr. MARR is employed by BANK OF AMERICA as an Account Executive ("AE"). Mr. MARR began work as an Account Executive in July 2001.

7. In his capacity as an AE, Mr. MARR was and is required to drive to and from various locations in his own car to meet with clients; prepare, print and purchase promotional materials; purchase computer programs and other materials for use in his office; purchase meals, food, beverage and other gifts for BANK OF AMERICA's clients and potential clients; make cellular phone calls; make long distance phone calls; generally maintain an office inside his home for the conduct of activities related to his job duties and responsibilities as Defendant BANK OF AMERICA's employee.

8. BANK OF AMERICA has made and continues to make several "adjustments" or charges to Mr. MARR's compensation. BANK OF AMERICA charges Mr. MARR for the services of an Account Executive Assistant ("AEA") who was also a BANK OF AMERICA employee. The AEA's compensation is paid by Mr. MARR through these adjustments.

9. When Mr. MARR finalizes a mortgage on behalf of BANK OF AMERICA, and there are additional charges, closing costs, processing fees, extension fees and other costs and fees, and the consumer does not wish to pay these charges, BANK OF AMERICA charges Mr. MARR.

10. BANK OF AMERICA policy states that AE's should be given a cash bonus for every referral. Mr. MARR has had over 40 referrals during his employment and has never been provided with any bonus for these referrals.

11. BANK OF AMERICA has the sole right to set the mortgage interest rate it offers to customers. This rates differ based on which BANK OF AMERICA employee is offering the rate, the customer that is requesting a mortgage and where the property to be covered by the mortgage is located.

12. When there is a problem in locking-in a rate for a consumer, Mr. MARR is charged by BANK OF AMERICA for the difference between the lock-in rate and the actual interest rate. Any problem in the loan structure results in Mr. MARR being charged by BANK OF AMERICA. This charge is called a curtailment.

13. If Mr. MARR needs to provide a lower rate than the mortgage interest rate set by BANK OF AMERICA to guarantee that a consumer enters into the loan, BANK OF AMERICA charges him the amount necessary to lower the interest rate to the amount the customer requests, called underage, or at least a portion of the amount necessary to lower the interest rate to the amount the customer requests, called PFUN. PFUN is allocated between an AE, the local sales office and BANK OF AMERICA's corporate office. Wayne Perry, BANK OF AMERICA's Sales Manager and Mr. Marr's supervisor, Harold Michaud, Area Manager, and other BANK OF AMERICA management represented to Mr. MARR that all AEs are charged a portion of PFUN.

14. BANK OF AMERICA has not acted in good faith in setting the mortgage interest rate for AEs. The vast majority of mortgages sold by Mr. MARR in particular, and many AEs, require the use of an underage or allocation of a portion of PFUN to AEs. However, not all AEs are charged the amount of the underage or PFUN. The use of this underage and allocation of PFUN against Mr. MARR deprives him of commissions he would have received but for BANK OF AMERICA's policy of initially inflating the mortgage interest rate offered by AEs.

15. BANK OF AMERICA represented to Mr. MARR that as part of his employment he was entitled to, and would, receive deals from banking centers.

16. BANK OF AMERICA has refused to provide Mr. MARR with deals from banking

centers and told him that if he is ever contacted by a banking center he is not allowed to accept any deals.

17. While Mr. MARR has incurred and continues to incur tremendous expenses as a result of his employment, BANK OF AMERICA refuses to reimburse him for these expenses.

18. During his employment with BANK OF AMERICA, Mr. MARR became disabled.

19. Under his contract with BANK OF AMERICA, Mr. MARR became eligible for long term disability payments on January 23, 2009.

20. BANK OF AMERICA's policy states that Mr. MARR should receive long term disability payments in an amount of 60-percent of his "ABBR." Under BANK of AMERICA policy, ABBR is calculated based upon an AE's total compensation in 2007.

21. BANK OF AMERICA has refused to provide Mr. MARR the long term disability payments he is entitled under their agreement, instead paying him at a lower rate.

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Failure to Reimburse Employee for Business Expenses)
(California Labor Code §2802)

22. Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 21 above.

23. California Labor Code §2802 provides that employers shall reimburse employees for all expenses incurred in the performance of their duties.

24. BANK OF AMERICA required Mr. MARR to travel to various residences and businesses throughout the State of California and other states, for purposes of selling mortgages.

25. In the ordinary course of his employment and in the process of this travel, Mr. MARR regularly incurred expenses, including but not limited to: millage; costs for promotional materials; the salary of his assistant, a BANK OF AMERICA employee; cellular phone charges; enticements provided to potential customers or actual customers to complete a sale; office expenses including the purchase of computer software and office supplies; long distance phone charges; meal charges and other business related expenses incurred in the course of his employment.

26. BANK OF AMERICA intentionally and consistently failed to reimburse Mr. MARR for expenses incurred in the performance of his duties, in violation of California Labor Code §2802.

27. Mr. MARR is entitled to the full amount of expenses he incurred, plus interest, and reasonable attorneys' fees and costs of suit as proscribed by California Labor Code §2802.

WHEREFORE, Mr. MARR requests relief as hereinafter provided.

### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Unlawful Wage Deductions)
(Violation of California Labor Code §221)

28. Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 26 above.

29. California Labor Code §221 provides that an employer may not "collect or receive from an employee any part of wages paid by said employer to said employee."

30. DEFENDANTS intentionally and consistently charged Mr. MARR for expenses incurred in the performance of his duties including, but not limited to, the salary of his assistant a BANK OF AMERICA EMPLOYEE; closing costs; loan processing fees; extension fees; underage charges (deductions for mortgages under the prevailing rate); uncollected/waived fee charges; misquote and rate lock failure charges; and curtailment charges, in violation of California Labor Code §221.

31. Mr. MARR is entitled to recover the full amount of deducted wages, plus interest, and reasonable attorneys' fees and costs of suit as proscribed by California Labor Code §218.5.

WHEREFORE, Mr. MARR requests relief as hereinafter provided.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Pay Wages)
(Violation of California Labor Code §200, et seq.)

32. Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 31 above.

33. Pursuant to Labor Code §200, wages include all amounts for labor performed by employees of every description and includes all employee benefits and incentives.

34. Pursuant to Labor Code §204 all wages earned by any person in any employment are due and payable twice during each calendar month.

35. Mr. MARR worked for BANK OF AMERICA continuously from July 2001 through the present.

36. Beginning on January 23, 2009, Mr. MARR became eligible for long term disability payments, a form of wages under Labor Code §§200 and 204.

37. Since January 23, 2009 and continuing through the date of this complaint, BANK OF AMERICA has intentionally, willfully and repeatedly refused and failed to pay Mr. MARR the full amount of disability payments he is entitled to under their agreement.

38. Mr. MARR's agreement with BANK OF AMERICA entitles him to a cash bonus for each referral he has. Such bonuses are a form of wages under Labor Code §§200 and 204.

39. Mr. MARR has had over 40 referrals during his employment with BANK OF AMERICA.

40. BANK OF AMERICA has intentionally, willfully and repeatedly refused and failed to pay Mr. MARR the bonuses he is entitled to under their agreement.

41. Pursuant to California Labor Code §§ 215 and 216, a willful failure to pay wages and compensation that is due and owing is a misdemeanor. BANK OF AMERICA has the ability to pay Mr. MARR the compensation that is due and owing. By wrongfully failing to pay Mr. MARR his wages, BANK OF AMERICA has violated California Labor Code §§ 215 and 216 and has committed a misdemeanor.

42. As a proximate result of DEFENDANTS' violation of California Labor Code §§204, 215 and 216, Mr. MARR has suffered, and continues to suffer, damages in an amount according to proof.

43. Mr. MARR is entitled to recover the full amount of unpaid wages, plus interest, and reasonable attorneys' fees and costs of suit pursuant to California Labor Code §§218.5 and 2699, due to BANK OF AMERICA's failure to pay his wages in full.

WHEREFORE, Mr. MARR request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Breach of Contract)

44. Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 43 above.

45. Mr. MARR's contract with BANK OF AMERICA as embodied, *inter alia*, in the

Associate Handbook 2005, and the September 28, 2009 modification to the Associate Handbook 2005, contained an agreement that if Mr. MARR were entitled to long term disability payments in 2009, these payments would be calculated at 60% of all compensation due to him in 2007.

46. Mr. MARR has performed all the covenants, conditions and obligations that were under his control as part of the contract.

47. BANK OF AMERICA has refused to pay Mr. MARR the disability payments in the amount to which he is entitled under their agreement. Instead, BANK OF AMERICA has paid Mr. MARR at a lower rate.

48. As a legal result of BANK OF AMERICA's breach of contract, Mr. MARR has suffered damages and will suffer damages in the future in an amount according to proof.

WHEREFORE, Mr. MARR requests relief as hereinafter provided.

### FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Breach of the Covenant of Good Faith and Fair Dealing)

49. Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 48 above.

50. Mr. MARR's contract with BANK OF AMERICA as embodied, *inter alia*, in the Retail Sales Compensation Plan, Associate Handbook 2005, the September 28, 2009 modification to the Associate Handbook 2005 and further oral agreements contained an implied-in-law covenant of good faith and fair dealing that neither party would do anything to injure the right of the other party to enjoy the actual benefits of that contract.

51. Mr. MARR's contract with BANK OF AMERICA provided for Mr. MARR to receive commissions based upon the mortgage rate set exclusively by BANK OF AMERICA in its unfettered discretion. When mortgages were sold at a rate lower than that set by BANK OF AMERICA, with express approval of BANK OF AMERICA, Mr. MARR received a lower commission than for a mortgage sold at or above the rate set by BANK OF AMERICA.

52. BANK OF AMERICA had an obligation to set the mortgage rate in good faith.

53. BANK OF AMERICA did not exercise its discretion in good faith, but instead set the mortgage rate an elevated level in order to deprive Mr. MARR of commissions based upon mortgages

he sold.

54. Mr. MARR's contract with BANK OF AMERICA provided for Mr. MARR to receive long term disability payments in an amount of 60% of his total compensation in 2007.

55. BANK OF AMERICA had an obligation to calculate this total compensation in good faith and to take good faith steps to ensure that Mr. MARR was compensated in accordance with this agreement.

56. BANK OF AMERICA did not act in good faith, but instead calculated Mr. MARR's compensation at a lower rate, provided this number to its insurance company and refused, despite requests from Mr. MARR, to amend this amount to accurately reflect the compensation he earned in 2007.

57. Mr. MARR's contract with BANK OF AMERICA provided that he is eligible to, and will receive, referrals from banking centers.

58. BANK OF AMERICA had an obligation to refer deals from banking centers to Mr. MARR in good faith and to not restrict his ability to close such referrals.

59. BANK OF AMERICA did not act in good faith, but instead prevented Mr. MARR from receiving referrals from banking centers and prevented him from closing any referrals he did receive from banking centers

60. Mr. MARR has performed all the covenants, conditions and obligations that were under his control as part of the contract.

61. As a direct and proximate result of BANK OF AMERICA's breach of the covenant of good faith and fair dealing, Mr. MARR has suffered damages.

WHEREFORE, Mr. MARR requests relief as hereinafter provided.

### SIX CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Violation of Business and Professions Code §17200, *et seq.*)

62. Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 61 above.

63. BANK OF AMERICA is a "person" as that term is defined under California Business and Professions Code §17201.

8
SECOND AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL - No. C 09-05978 WHA

64. California Business and Professions Code §17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

65. At all times relevant hereto, by and through the conduct described herein, BANK OF AMERICA has engaged in unfair and unlawful practices by requiring Mr. MARR adhere to a contract of adhesion; failing to reimburse Mr. MARR for business expenses incurred while in BANK OF AMERICA's employ, in violation of California Labor Code §2802; making unlawful deductions from Mr. MARR's wages in violation of California Labor Code §§215, 216 and 221; failing to pay Mr. MARR the wages he was owed in violation of California Labor Code §204; failing to act in good faith; and breaching its contract with Mr. MARR, all in violation of California Business and Professions Code §17200 et seq., which has thereby deprived Mr. MARR of money and property.

66. By and through the unfair and unlawful business practices described herein, BANK OF AMERICA has obtained valuable property, money, and services from Mr. MARR and has deprived him of valuable rights and benefits guaranteed by law, all to his detriment.

67. All the acts described herein as violation of, among other things, California Labor Code §§204, 215, 216, 221 and 2802, contract of adhesion law, breach of contract law, and the covenant of good faith and fair dealing, are unlawful and in violation of public policy; and in additional are immoral, unethical, oppressive and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of California Business and Professions Code §17200 et seq. BANK OF AMERICA's violation of California Labor Code §215 and 216 constitute a misdemeanor.

68. Mr. MARR is entitled to, and does, seek such relief as may be necessary to restore to him the money and property which BANK OF AMERICA has acquired, or of which Mr. MARR has been deprived, by means of the above described unfair and unlawful business practices.

69. Mr. MARR is further entitled to, and does, seek a declaration that the above described business practices are unfair and unlawful and that an injunctive relief should be issued restraining BANK OF AMERICA from engaging in any of the above described unfair and unlawful business practices in the future.

70. Mr. MARR is further entitled to, and does, seek an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action pursuant to California

Code of Civil Procedure §1021.5, California Business and Professions Code §17200, et seq., Labor Code §§218.5 and 2802, and any other applicable provision of law.

71. Mr. MARR has no plain, speedy, and/or adequate remedy at law to redress the injuries which he has suffered as a consequence of the unfair and unlawful business practices of BANK OF AMERICA. As a result of the unfair and unlawful business practices described above, Mr. MARR suffered and will continue to suffer irreparable harm unless BANK OF AMERICA is restrained from continuing to engage in these unfair and unlawful business practices. In addition, BANK OF AMERICA should be required to disgorge the unpaid moneys to Mr. MARR.

WHEREFORE, Mr. MARR requests relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Fraud)

72. Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 71 above.

73. In an attempt to deprive Mr. MARR of his duly earned commissions, DEFENDANT misrepresented that all AEs were required to participate in PFUN and that all AEs were allocated a portion of the PFUN if PFUN was sought by an AE to compete with a lower mortgage interest rate requested by a customer.

74. At the time DEFENDANT made this representation, DEFENDANT knew this representation to be false and/or lacked reasonable grounds for believing it was true as DEFENDANT did not charge a portion of the PFUN to many other AEs other than Mr. MARR when they sought a lower mortgage interest rate through PFUN. At the time the representations were made, DEFENDANT had an intent to defraud Mr. MARR by decreasing his level of compensation.

75. DEFENDANT made this representation in order for DEFENDANT to compete with other banks' mortgage rates by reducing Mr. MARR and other AEs level of compensation.

76. Mr. MARR justifiably and reasonably relied on these representations in continuing his employment with DEFENDANT and failing to negotiate compensation terms that did not require his participation in PFUN allocation. In reliance on these representations, Mr. MARR failed to negotiate his compensation terms to avoid or at least reduce the amount charged to him as part of PFUN.

77. As a proximate result of DEFENDANTS fraudulent representations and Mr. MARR's reasonable reliance on these representations, Mr. MARR has suffered damages including, but not limited, to the loss of all income he would have received from a lack of or at least decreased allocation of PFUN charged against him.

78. As the further legal result of DEFENDANT's conduct, Mr. MARR has suffered and continues to suffer embarrassment, anxiety, depression, humiliation and emotional distress, all to his damage in an amount according to proof.

79. The above-cited conduct of DEFENDANT's was done with malice, fraud and oppression, and in reckless disregard of Mr. MARR's rights. DEFENDANT consciously and intentionally committed fraud in inducing Mr. MARR to participate in PFUN where other ACCOUNT EXECUTIVES did not have to participate. Mr. MARR is thus entitled to recover punitive damages from DEFENDANT in an amount according to proof.

WHEREFORE, Mr. MARR requests relief as hereinafter provided.

### EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Negligent Misrepresentation)

80. Mr. MARR re-alleges and incorporates herein by reference paragraphs 1 through 79 above.

81. In an attempt to deprive Mr. MARR of his duly earned commissions, DEFENDANT falsely represented that all AEs were required to participate in PFUN and that all AEs were allocated a portion of the PFUN if PFUN was sought by an AE to compete with a lower mortgage interest rate requested by a customer.

82. At the time DEFENDANT made this representation, DEFENDANT knew this representation to be false and/or lacked reasonable grounds for believing it was true as DEFENDANT did not charge a portion of the PFUN to many other AEs other than Mr. MARR when they sought a lower mortgage interest rate through PFUN. At the time the representations were made, DEFENDANT had an intent to induce Mr. MARR to rely on said representation.

83. DEFENDANT made this representation in order for DEFENDANT to compete with other banks' mortgage rates by reducing Mr. MARR and other AEs level of compensation.

84. Mr. MARR justifiably and reasonably relied on these representations in continuing his employment with DEFENDANT and failing to negotiate compensation terms that did not require his participation in PFUN allocation. In reliance on these representations, Mr. MARR failed to negotiate his compensation terms to avoid or at least reduce the amount charged to him as part of PFUN.

85. As a proximate result of DEFENDANTS fraudulent representations and Mr. MARR's reasonable reliance on these representations, Mr. MARR has suffered damages including, but not limited, to the loss of all income he would have received from a lack of or at least decreased allocation of PFUN charged against him.

WHEREFORE, Mr. MARR requests relief as hereinafter provided.

## JURY DEMAND

Mr. MARR demands a jury to all issues joined herein.

## PRAYER FOR RELIEF

WHEREFORE, Mr. MARR requests relief as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For costs of suit;
4. For reasonable attorneys fees (For the First, Second, Third and Sixth Causes of Action);
5. For interest at the maximum legal rate on all sums awarded;
6. For an order preliminarily and permanently enjoining BANK OF AMERICA from engaging in the practices challenged herein (as to the Sixth Cause of Action);
7. For an order for full restitution of all monies, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by BANK OF AMERICA by means of the unfair practices complained of herein (as to the Sixth Cause of Action);
8. For punitive damages in an amount according to proof as to the Seventh Cause of Action; and
9. For such other relief as the Court deems just and proper.

///

| | |
|---|---|
| 1 | DATED: April 30, 2010 |

                                    ADAMS | NYE | TRAPANI | BECHT  LLP

                                    By:    /s/_____

                                               DAVID J. BECHT
                                               MICHAEL SACHS
                                               MYTHILY SIVARAJAH
                                           Attorneys for Plaintiff
                                           WILLIAM MARR