United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MARR,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; and DOES 1 through 100, inclusive,<br><br>    Defendants.<br>_____ / | No. C 09-05978 WHA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND VACATING HEARING** |

**INTRODUCTION**

In this employment discrimination action, plaintiff moves for leave to file a second amended complaint to add two claims, fraud and negligent misrepresentation, against defendants. Defendant Bank of America has filed a statement of non-opposition to the motion. For the reasons stated below, plaintiff's motion is **GRANTED**.

**STATEMENT**

This case arises from alleged employment discrimination by defendants Bank of America and Does 1 through 100. Plaintiff has been an account executive employed by Bank of America since 2001. Defendant Bank of America is a corporation doing business in California. Doe defendants are fictitiously named defendants who plaintiff believes were the agents, ostensible agents, servants, employees, representatives, assistants and/or co-conspirators of each of the other defendants and were at all times acting at least in part within the course and scope of his, her, or its authority as such (First Amd. Compl. ¶¶ 3–4).

1    On August 20, 2009, plaintiff filed an action against defendants Bank of America and
2 Does 1 through 100 in state court in the City and County of San Francisco, alleging: (1) failure
3 to reimburse business expenses, (2) unlawful wage deductions, (3) breach of the covenant of
4 good faith and fair dealing, and (4) violation of California Business and Professions Code §
5 17200 *et seq*. On October 23, 2009, plaintiff filed a first amended complaint adding claims for
6 failure to pay wages and breach of contract.

7    Defendant Bank of America answered on December 21, 2009, and removed the case to
8 federal court.

9    The initial case management conference occurred on April 1, 2010. The case
10 management order set a deadline of April 20 to add new parties or plead amendments. On April
11 30, plaintiff filed a motion for leave to file a second amended complaint based on the following.

12    In his employment, if plaintiff needs to provide a lower rate than the mortgage interest
13 rate set by Bank of America to guarantee that a customer enters into a loan, Bank of America
14 charges him the amount necessary to lower the interest rate to the amount the customer requests
15 (First Amd. Compl. ¶ 12). As a result of speaking to other account executives after filing his
16 first amended complaint, plaintiff learned that many of them were not charged any amounts
17 under these circumstances (Br. 2–3). Plaintiff now seeks to add the two respective claims
18 regarding fraud and negligent misrepresentation to his complaint.

19    On May 28, the Court requested that plaintiff submit a declaration specifying when he
20 learned the information giving rise to the two additional claims. On June 2, plaintiff's counsel
21 filed a declaration stating that plaintiff's counsel gained knowledge of these facts subsequent to
22 the first case management conference.

23                               **ANALYSIS**

24    Under Rule 15(a), leave to amend a complaint shall be freely given when justice so
25 requires. Rule 15(a), however, does not apply when a district court files a pretrial scheduling
26 order that establishes a timetable for amending the pleadings and the deadline expires before a
27 party moves to amend. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).
28 Rule 16 therefore governs.

1    Under Rule 16(b), a party must show good cause for not having amended his complaint
2 before the time specified in the scheduling order expired.
3    Plaintiff Marr moves for leave to file a second amended complaint because he has
4 discovered additional information "since filing the first amended complaint" (Br. 2). His
5 counsel's June 2 declaration further specifies that plaintiff's counsel gained this knowledge
6 subsequent to the first case management conference on April 1, 2010. There is no indication
7 that plaintiff is seeking to amend in bad faith, but rather there is evidence that he is adding
8 claims in light of recently acquired knowledge. This knowledge gives rise to additional claims
9 that may be decided on their merits, meaning that the amendment is not futile. Given that there
10 is ample time for discovery before the December 31 deadline and defendants do not oppose the
11 amendment, it does not seem that defendants will face unreasonable delay or undue prejudice.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for leave to file a second amended complaint is **GRANTED**. The hearing scheduled for June 17, 2010, is hereby **VACATED.**

**IT IS SO ORDERED.**

Dated: June 3, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE