IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MARR, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, NATIONAL ASSOCIATION, <br><br> Defendant. | No. C 09-05978 WHA <br><br> **ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE EXHIBITS UNDER SEAL** |

The last day to file dispositive motions in this matter was February 3, 2011, and on that day cross-motions for summary judgment were filed. Plaintiff's submissions included an administrative motion for a sealing order pursuant to Civil Local Rule 79-5. The motion has several problems with it.

*First*, for reasons unknown, plaintiff noticed the administrative motion for a hearing on February 10. That makes no sense both because it is an administrative motion and because doing so violates Civil Local Rule 7-2(a). The February 10 hearing is **VACATED**.

*Second*, in filing the motion, plaintiff's counsel placed everything on the public docket except for one declaration, the declaration of Attorney Michael Sachs in support of the administrative motion (Dkt. No. 60-1). That declaration contains no sealable material, nor does it append any. Plaintiff's counsel does not advance a reason why they chose to seal it. Therefore, the Clerk shall unseal this document.

*Third*, plaintiff's motion states that it is being brought under Rule 79-5(d), which pertains to filing documents designated confidential by another party. Yet the motion concerns

1  some documents produced by defendant and some documents produced by plaintiff.
2  Specifically, it concerns exhibits 9 through 35 of the declaration of plaintiff William Marr.
3  Exhibits 9 through 30 were documents produced by plaintiff and exhibits 31 through 35 were
4  documents produced by defendant. Unredacted versions of these documents apparently contain
5  customer names and loan numbers.

6      In meeting and conferring over this matter, defendant stated that it had no objection to
7  plaintiff filing redacted versions of these documents, with all customer information redacted
8  (Dkt. No. 60-1 Exh. C). Plaintiff did just that.

9      Yet again for reasons unknown, plaintiff brings this administrative motion "for a sealing
10 order and [to] request[] that the exhibits . . . be sealed so that Defendant may bring a formal
11 motion to seal these documents if it so desires." This request does not make sense. It says the
12 exhibits should be sealed so that defendant can bring a motion to seal. It is totally unclear what
13 plaintiff is asking for.

14     Even were this order to make a best guess and assume that plaintiff is asking to be
15 allowed to file *unredacted* versions of these exhibits under seal, plaintiff's motion fails. The
16 motion neglects to mention any reason whatsoever why the redacted versions of the documents
17 do not suffice and why the unredacted versions need to be considered such that sealing the
18 unredacted versions would be warranted. Thus, plaintiff's administrative motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 7, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2