IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MARR,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>    Defendant.<br>                                    / | No. C 09-05978 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

On January 10, 2011, over a year after this action began, plaintiff filed a motion for leave to file a third amended complaint. This was after the discovery deadline had passed and less than a month before the deadline for dispositive motions in this action, and cross-motions for partial summary judgment were indeed filed on February 3. The instant motion was briefed on shortened time and a hearing was held, at which time the judge stated that the motion would be considered concurrently with the anticipated summary judgment motions.

The proposed third amended complaint would do the following: (1) add a ninth cause of action based on ERISA; (2) add a new defendant, Metropolitan Life Insurance Company, "an indispensable party based on the ninth cause of action"; and (3) add factual allegations, "all of which are related to claims originally asserted," under: (a) the first claim for unreimbursed business expenses; (b) the second claim for unlawful deduction of wages; and (c) the fourth claim for breach of contract. Defendant takes great issue with the representation that the new factual allegations are related to the claims originally asserted, and argues that it would be greatly prejudiced by the new complaint; but defendant does not oppose plaintiff's motion

insofar as it seeks to name MetLife as a new defendant. There is no indication in the record that plaintiff has even notified MetLife that someone seeks to draw it into this litigation.

Under FRCP 15(a), leave to amend a complaint shall be freely given when justice so requires. FRCP 15(a), however, does not apply when a district court files a pretrial scheduling order that establishes a timetable for amending the pleadings and the deadline expires before a party moves to amend. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). In that case, under Rule 16(b), plaintiff "must show good cause for not having amended [his] complaint[] before the time specified in the scheduling order expired." *Ibid.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted).

The instant motion came *well* after the deadline of April 20, 2010, by which time leave to add new parties or pleading amendments must have be sought. The standard of good cause under FRCP 16(b) thus governs.

This order finds that plaintiff's counsel were not diligent in seeking the amendments they now request. Plaintiff filed suit in state court in August 2009. Defendant removed the action in December 2009. Discovery began in April 2010, when a case management scheduling order was entered by the Court. That order set a fact discovery deadline of December 31, 2010. Yet plaintiff waited until November 24 to propound any deposition notices. Moreover, after a production of written discovery by defendant in June, plaintiff waited until November to follow up and request more. To the extent plaintiff's counsel blames settlement discussions as a basis for their delay (Reply 2 n.1), it is in direct contravention of a court order warning in advance not to do so (Dkt. No. 20 ¶ 13).

As to the proposed addition of factual allegations to plaintiff's first, second, and fourth claims, plaintiff's counsel were aware of the facts underlying those additions at least by June 2010, when defendant produced its discovery. They have also known since that time that MetLife was the insurer of defendant's long-term disability benefits plan and paid plaintiff's

benefits. Although plaintiff's counsel state that they did not learn of underlying facts causing them to seek to add the proposed factual allegations until depositions in December 2010, the record on the instant motion and the motions for summary judgment belie this claim; plaintiff's counsel were aware or should have been aware of the underlying facts that precipitated their proposed additions based on information in their possession well before December 2010.

In addition, plaintiff's counsel began meeting and conferring with opposing counsel about amending the second amended complaint in October 2010. Yet plaintiff's counsel did not file their motion for leave to file a third amended complaint until January 10, 2011.

Furthermore, although prejudice to defendant is not the primary consideration, it further demonstrates why this pleading amendment should not be allowed at this stage. Plaintiff's motion was not filed until after the discovery deadline had passed and less than a month before the deadline for filing dispositive motions. MetLife would be unable to conduct discovery to defend against the action without leave of the Court to reopen discovery and abandon the case schedule that has been in place for almost a year. The prejudice is thus significant.

All in all, plaintiff has not shown good cause for not having added the proposed amendments earlier. Therefore, his motion for leave to file a third amended complaint is **DENIED**. This ruling, of course, is without prejudice to plaintiff bringing a separate lawsuit against MetLife.

**IT IS SO ORDERED.**

Dated: March 8, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3