IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM MARR,

    Plaintiff,

  v.

BANK OF AMERICA NATIONAL ASSOCIATION,

    Defendant.

No. C 09-05978 WHA

**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND VACATING HEARING**

## INTRODUCTION

In this settled-and-closed case concerning employment expenses and disability benefits, Bank of America National Association moves to recover attorney's fees incurred while defending against plaintiff William Marr's wage-related claims. For the following reasons, the motion is **DENIED**.

## STATEMENT

Plaintiff William Marr was a mortgage-loan officer for Bank of America. After going on disability in 2009, he filed this action for, among other things, (1) failure to reimburse business expenses (Section 2802 of the California Labor Code), (2) unlawful wage deductions (Section 221 of the California Labor Code), and (3) failure to pay wages (Section 200 *et seq.* of the California Labor Code). These wage-related claims are the ones at issue in defendant's fees motion.

1    Earlier this year, plaintiff moved for summary judgment as to all three claims, and
2 defendant moved for summary judgment as to the second claim and part of the third. On March
3 8, an order granted in part and denied in part cross-motions for partial summary judgment. Of the
4 three aforementioned claims, each included multiple theories for why plaintiff should recover. In
5 the order on the summary judgment motions, many of the theories were resolved, but none of the
6 *claims* was fully resolved.

7    *First*, for the alleged violation of Section 2802, plaintiff's motion for summary judgment
8 was denied, and the alleged failure to reimburse business expenses (at least those incurred after
9 August 20, 2005) was not fully resolved by the order (Dkt. No. 95 at 2–3, 17).

10    *Second*, plaintiff's claim of violation of Section 221 concerning wage deductions was
11 broken into two categories: non-assistant expenses and assistant expenses. As a result of the
12 order, plaintiff's motion for summary judgment as to the claim for non-assistant expenses (closing
13 costs, loan-processing fees, extension fees, underage charges, uncollected/waived fee charges,
14 misquote and rate-lock failure charges, and curtailment charges) was denied, and defendant's
15 motion was granted (*id*. at 4–8). Concerning wage deductions for both of plaintiff's assistants'
16 bonuses and one of his assistant's salary, the record was not clear on the issues and both parties'
17 motions for summary judgment were denied (*id*. at 9). Thus, the claim for unlawful deductions
18 from plaintiff's salary was not fully resolved by the order.

19    *Third*, plaintiff claimed that Bank of America failed to pay him earned wages, namely the
20 full extent of long-term disability benefits and bonuses for "over 40 referrals" (*id*. at 9).
21 Plaintiff's claim for payment of disability benefits was dismissed. The order did not, however,
22 resolve the theory of recovery for failure to pay bonuses. So, the claim for failure to pay wages
23 was not fully resolved by the order.

24    These claims were trial-ready. Instead, the parties settled. This does not change the fact
25 that the claims were not fully resolved on the merits at the time of settlement.

26    On April 26, the parties filed a voluntary dismissal. The parties also included a proposed
27 form of judgment, listing some claims to be dismissed with prejudice and others without
28 prejudice. This stipulation was problematic because its terms were dictated by the parties rather

1  than the summary judgment order, and because it provided for plaintiff to pursue an appeal, even
2  though a plaintiff may not appeal following a voluntary dismissal pursuant to a settlement
3  agreement (Dkt. No. 102 (citing *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995)).
4  Therefore, an order specifically noted these issues, but given that the parties had filed a voluntary
5  dismissal, the file was closed and no final judgment was entered. The parties filed another
6  stipulated request for entry of judgment, but this second request was also denied. Fourteen days
7  later, defendant filed this motion to recover attorney's fees pursuant to Section 218.5 of the
8  California Labor Code.

**ANALYSIS**

10  In an action involving state-law claims, a court applies "the law of the forum state to
11  determine whether a party is entitled to attorney['s] fees, unless it conflicts with a valid federal
12  statute or procedural rule." *MRO Commc'ns, Inc. v. AT & T Co.*, 197 F.3d 1276, 1282 (9th Cir.
13  1999). Section 218.5 of the California Labor Code dictates that in "[a]ny action brought for the
14  nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the
15  court shall award reasonable attorney's fees and costs to the prevailing party" upon request, if, as
16  is the case here, the party requested that relief at the start of the case. FRCP 54(d) states that,
17  unless otherwise ordered, a party must move for attorney's fees no later than 14 days after the
18  entry of judgment. So, in order to recover attorney's fees for wage claims, a party must have
19  requested that fee recovery at the initiation of the suit and moved for those fees within 14 days of
20  judgment.

21  The awarding of attorney's fees to a prevailing party for unpaid wage claims is
22  mandatory. *Earley v. Superior Court*, 79 Cal. App. 4th 1420, 1427 (2000). Whether a party
23  prevailed, however, is for courts to determine. *Donner Mgmt. Co. v. Schaffer*, 142 Cal. App. 4th
24  1296, 1310 (2006) (citations omitted). Here, defendant moves to recover attorney's fees in
25  relation to the wage claims upon which they "prevailed."

26  In evaluating whether a party prevailed, a court makes a determination "on a practical
27  level." *Donner Mgmt. Co.*, 142 Cal. App. 4th at 1310 (citations omitted). This practical decision
28  focuses "on the extent to which the party realized its litigation objectives by judgment, settlement,

3

or otherwise." *Castro v. Superior Court*, 116 Cal. App. 4th 1010, 1019 (2004) (citation omitted). A movant need not prevail on all of his claims in order to be deemed a prevailing party. *Lyons v. Chinese Hosp. Ass'n*, 136 Cal. App. 4th 1331, 1345 (2006) (granting plaintiff attorney's fees for prevailing on one of six claims because that one claim granting plaintiff a comprehensive injunction made plaintiff a "prevailing" party on that issue). Still, a party that succeeds as to one part of an action is not automatically labeled a prevailing party. *See Galan v. Wolfriver Holding Corp.*, 80 Cal. App. 4th 1124, 1129 (2000).

The parties cite numerous decisions that apply this standard, resolved on various procedural postures. Although defendant tries to distinguish those decisions that denied attorney's fees, they are in fact much closer to our situation than the decisions cited that awarded fees. For instance, California courts have repeatedly held that a plaintiff's voluntary dismissal does not necessarily make a defendant a prevailing party. In *Galan*, part of the settlement agreement included a voluntary dismissal of claims against Wolfriver. Nevertheless, "the merits of the dispute against Wolfriver were never resolved." *Id*. at 1129. So, "at the practical level[,] the court concluded that there was no prevailing party." *Id*. at 1130. Likewise, in *Gilbert v. Nat'l Enquirer, Inc.*, 55 Cal. App. 4th 1273, 1277 (1997), the court held that after voluntarily dismissing some claims in order to expedite others, it was not possible to determine "whether either side had prevailed on a practical level." *Id*. at 1277–78.

So too here. Plaintiff's voluntary dismissal did not confer prevailing party status on defendant. The settlement did not resolve the merits of the case or the claims. Defendant tries to distinguish the above actions from ours in that there was a "judgment" made in the instant action. While in the aforementioned decisions the voluntary dismissals occurred without judgments on the merits — whereas here the order for partial summary judgment was a decision on the merits and defendant prevailed over many of plaintiff's theories — in the present action defendant obtained a ruling against plaintiff only on several *parts* of the claims. Defendant did not fully prevail over any wage-related *claim* after partial summary judgment. Plaintiff sought lost wages on myriad different theories. Some of those theories were adjudicated and dismissed. Still, real material issues remained to be adjudicated at trial — including unpaid reimbursements (relating

4

to various expenses), unlawful wage deductions (relating to salary and bonuses of assistants), and unpaid wages (relating to bonuses for referrals). As such, there was no clear winner as to *any* of these three claims after the order for partial summary judgment.

Defendant argues that it "mostly" prevailed and that "mostly" prevailing entitles it to recover attorney's fees. Not so. Although defendant is right that prevailing on one claim and not another does not limit its right to attorney's fees, *see Akins v. Enterprise Rent-A-Car Co.*, 79 Cal. App. 4th 1127, 1133 (2000), it has not fully prevailed on any of the claims relating to unpaid wages and fringe benefits. Thus, defendant is not the prevailing party as to any of those claims. Defendant cites *no* decisions where a party is said to have prevailed on a whole claim after succeeding on only some theories within that claim.

Moreover, even if the voluntary dismissal makes defendant a prevailing party — which it does not — defendant's litigation goals were not achieved. After the settlement, plaintiff requested a final judgment and is attempting to appeal. The settlement may have ended the litigation but many of the issues remain still unresolved on the merits because no trial ever occurred.

\*         \*         \*

Plaintiff asserts that even if defendant did prevail, the motion for attorney's fees is time-barred. As there is no prevailing party, the issue of timeliness is moot.

## CONCLUSION

For these reasons, defendant's motion for attorney's fees is **DENIED**. The Court asks counsel to consider privately whether this motion was worthwhile and whether, in settling the case in the first place, issues like this should have been included. The hearing scheduled for July 28 is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 20, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5